25

FILED
NOV 22 1994
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROGER SCHLAFLY,

Plaintiff,

v.

PUBLIC KEY PARTNERS and RSA DATA SECURITY, INC.,

Defendants.

CIVIL NO. 94-20512 SW

ORDER GRANTING PUBLIC KEY PARTNERS' MOTION FOR A MORE DEFINITE STATEMENT; GRANTING RSA DATA SECURITY, INC.'S MOTION TO QUASH SERVICE OF PROCESS; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Roger Schlafly, proceeding pro se, filed this action against Public Key Partners ("PKP") and RSA Data Security, Inc. ("RSA"), alleging a variety of claims arising out of certain actions both defendants took with respect to patents they own. PKP moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement under Rule 12(e). RSA moves to dismiss or quash service of process pursuant to Rule 12(b)(5). Schlafly moves for a default judgment against RSA. For the reasons expressed below, PKP's motion for a more definite statement is GRANTED; RSA's motion to quash service is GRANTED; and Schlafly's motion for a default judgment against RSA is DENIED.

cc.

**BACKGROUND**

The following statement of facts has been distilled from the more than 200 pages that comprise the complaint and accompanying exhibits. In 1987, RSA filed a patent infringement action in the United States District Court for the Northern District of Illinois against Digital Signature and its partners, one of whom was Roger Schlafly. The patent at issue covered data encryption software that RSA licensed to others. Ultimately, Digital Signature and Schlafly entered into a consent judgment in which they agreed to an injunction against their making, using or selling any products implementing the patent.

In 1990, RSA and another corporation formed PKP. In January 1994, PKP learned that Digital Signature's successor in interest, Information Security Corp. was about to sell products to AT&T for resale, violating the terms of the consent judgment. Consequently, PKP wrote to AT&T and demanded that AT&T cease distribution and marketing of the allegedly infringing products.

Several months later, Schlafly wrote to PKP and demanded that PKP refrain from telling others that he had breached the consent judgment or had infringed patents. PKP wrote back, stating that Schlafly's letter was "defectively vague" and that he had admitted to infringing numerous patents.

Apparently unable to resolve the matter to his satisfaction, Schlafly filed this action in July 1994. The first page of the Complaint states that Schlafly seeks damages and injunctive relief "for unfair business practices, including libel, interference with contractual relationships, patent misuse, fraud, monopolization and

racketeering." However, the Complaint does not segregate these claims into separate causes of action.

## DISCUSSION

I. PKP'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

A. Legal Standards

1. Motion to Dismiss Under Rule 12(b)(6)

Under the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint should only be dismissed where, assuming all allegations as true in the light most favorable to plaintiff, it appears beyond doubt that no set of facts could support plaintiff's claim for relief. Id.; Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), cert. denied, 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987). Therefore, all factual questions in doubt are resolved in favor of plaintiff on this motion.

In deciding a motion to dismiss, the court is not limited by the allegations contained in the complaint if the complaint is accompanied by attached documents. Such documents are deemed part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. Durning, 815 F.2d at 1267. Finally, federal courts are required to liberally construe the inartful pleading of pro se litigants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing Boag

v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982)), cert. denied, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992).

2. Motion for a More Definite Statement under Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not observed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).

B. Analysis

Schlafly's Complaint is a hodgepodge of allegations to which no defendant could reasonably frame a responsive pleading. Rather than being "simple, concise and direct" as required by Rule 8(e)(1), the allegations are disjointed and confusing. Schlafly's failure to indicate how the allegations relate to each claim render it impossible to determine whether or not he has stated any claim for relief. That Schlafly has raised issues implicating complex areas of the law makes this task even more difficult.

Therefore, PKP's motion for a more definite statement is GRANTED. In light of this ruling, PKP's motion in the alternative to dismiss is DENIED as moot. PKP may raise the issues contained in

that motion again if it responds to the amended complaint with another motion to dismiss.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of [each] claim." To satisfy this requirement, Schlafly must recast his Complaint as follows:

(1) The Complaint must individually list each cause of action (e.g. "First Cause of Action - Defendants' Violation of California's Unfair Business Practices Act," "Second Cause of Action - Libel," "Third Cause of Action - Interference with Contractual Relationship," etc.)

(2) Under each cause of action, the Complaint must provide a simple and concise description of the facts that give rise to the cause of action. That is, the Complaint must allege the acts Defendants allegedly committed that render them liable for the claim.

(3) The facts alleged under each cause of action must be sufficient to satisfy the elements specified below.

1. Schlafly's Claim for Unfair Business Practices

California's Unfair Business Practices Act prohibits "unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or

prevented." Cal. Bus. & Prof. Code § 17001. This language requires a complainant to allege what the defendant's allegedly unlawful practices are and how they are unlawful. See Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708, 712 (1993).

2. Schlafly's Claim for Libel

In California, libel is defined as

> a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation. Cal.Civ.Code § 45.

To properly state a claim for libel, a plaintiff must allege that the libel was leveled against him or her. In addition, the complaint must identify the words giving rise to the claim in order to allow the defendant to frame a responsive pleading.

3. Schlafly's Claim for Interference With Contractual Relationship

To state a claim for interference with contractual relationship, a plaintiff must allege that (1) the plaintiff had an advantageous prospective business relationship; (2) the defendant had knowledge of that relationship; (3) the defendant intentionally committed acts designed to disrupt the relationship; (4) the defendant's acts caused damages. Stolz v. Wong Communications Ltd. Partnership, 25 Cal.App.4th 1811, 1825, 31 Cal.Rptr.2d 229, 238 (1994).

4. Schlafly's Claim for Fraud

To state a claim for fraud under California law, a plaintiff must allege: "(1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damages (causation)." Cooper v. Equity General Ins., 219 Cal.App.3d 1252, 1262, 268 Cal.Rptr. 692, 698 (1990). Furthermore, Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be pled with particularity. A plaintiff may satisfy this requirement by identifying the time, place and content of the alleged fraudulent representation as well as the identity of the person engaged in the fraud. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

5. Schlafly's Antitrust Claim

To establish a claim under § 1 of the Sherman Anti-Trust Act, 15 U.S.C. § 1, the plaintiff must allege (1) that there was a contract, combination or conspiracy; (2) that the agreement unreasonably restrained trade under the per se rule of illegality or a rule of reason analysis; and (3) that the restraint affected interstate commerce or injured competition. T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 632-633 (9th Cir. 1987). If Schlafly is alleging a conspiracy claim under § 1, he must provide the identities of the conspirators.

The elements of a cause of action under section 2 of the Sherman Act, 15 U.S.C. § 2, are as follows: (1) possession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal "antitrust" injury.

Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 736 (9th Cir. 1987).

A plaintiff attempting to state a claim under § 1 or § 2 must include allegations as to the relevant geographic and product markets and as to the effects of the restraint within those markets. Thurman Indus., Inc. v. Pay'N Pak Stores, Inc., 875 F.2d 1369, 1373 (9th Cir. 1989).

6. Schlafly's Claim for Patent Misuse

Schlafly's Complaint also suggests he is seeking recovery for "patent misuse." A patent owner who abuses the grant may be liable for antitrust violations provided the owner has sufficient power in the relevant market. Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1576 (Fed.Cir. 1990). "[P]atent owners may incur antitrust liability for enforcement of a patent known to be obtained through fraud or known to be invalid, where the license of a patent compels the purchase of unpatented goods, or where there is an overall scheme to use the patent to violate antitrust laws." Id. (footnotes omitted). Since Schlafly's patent misuse allegations appear to be related to his antitrust allegations, he should combine the allegations under his Sherman Act claims.

7. Schlafly's RICO Claim

To state a civil RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sigmond v. Brown, 828 F.2d 8, 8 (9th Cir. 1987) (per curiam) (quotations omitted). A RICO enterprise "must be

more than a group of people who get together to commit a 'pattern of racketeering activity,'" United States v. Neapolitan, 791 F.2d 489, 500 (7th Cir. 1986), cert. denied, 479 U.S. 939, 940, 107 S.Ct. 421, 422, 93 L.Ed.2d 371 (1986), it must have an organizational structure or system of authority for making and implementing decisions and for exercising common control over its members. United States v. Feldman, 853 F.2d 648, 659 (9th Cir. 1988), cert. denied, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989); United States v. Riccobene, 709 F.2d 214, 222 (3rd Cir. 1983), cert. denied, 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983). In addition, the organization and structure of the alleged enterprise must exist as an entity separate and apart from whatever pattern of conspiratorial racketeering activity is proved. United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); United Energy Owners Committee, Inc. v. United States Energy Management Systems, Inc., 837 F.2d 356, 362 (9th Cir. 1988). A "pattern of racketeering activity" requires at least two or more "predicate acts," as defined by 18 U.S.C. § 1961(1). 18 U.S.C. § 1961(5). To survive a motion to dismiss, Schlafly's RICO claim must contain facts as to all of these elements.

8. Schlafly's Remaining Claims

Whether Schlafly desires to pursue all of the foregoing claims is unclear. It is also unclear whether Schlafly has additional claims. However, the Court expects Schlafly's amended complaint to resolve these questions since the instructions above require Schlafly to specify each claim individually.

II. RSA'S MOTION TO QUASH

A. Legal Standard

The Federal Rules of Civil Procedure provide that a summons and complaint may be served on corporations and partnerships (1) by delivering a copy of the summons and of the complaint to an officer or agent authorized by the corporation or by statute or (2) according to the law of the state in which the district court is located. Fed.R.Civ.P. 4(h)(1). California law provides that service may be effected (1) by delivering a copy of the summons and of the complaint to certain officers and others designated by law or authorized by the corporation to receive service; (2) by substituted service with a follow-up delivery by mail, Cal. Code Civ. P. § 415.20; or (3) by mail with an acknowledgement of receipt of summons. Cal. Code Civ. P. § 415.30. A party choosing the last of these methods must include a notice and acknowledgement form and a postage paid envelope for responding. Id.

The Court cannot exercise personal jurisdiction over a defendant unless the defendant has been properly served. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). When service of process is challenged, the party on whose behalf service was made--in this case, Schlafly--has the burden to establish its validity. Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981). Although Rule 4 is to be construed liberally, service is not effective unless a plaintiff has substantially complied with its requirements. Direct Mail, 840 F.2d at 688. Where service of process is deemed insufficient, the

district court has broad discretion to either dismiss the action or to retain the case but quash service. Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985). Generally, service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly. 5A C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 289 (1990).

B. Analysis

Schlafly attempted to serve RSA by sending a copy of the summons and of the complaint by Express Mail to Jim Bidzos, RSA's president. Although Schlafly filed a receipt, verifying that RSA received his package, he has offered nothing demonstrating that the package included copies of the notice and acknowledgement form and a postage paid envelope for responding as required by section 415.30 of the California Code of Civil Procedure. Therefore, Schlafly has not established that RSA has been properly served.

Accordingly, RSA's motion to quash service is GRANTED. In light of this ruling, RSA's motion in the alternative to dismiss is DENIED as moot.

III. SCHLAFLY'S MOTION FOR DEFAULT JUDGMENT

As explained above, Schlafly has not established that he properly served RSA. Therefore, Schlafly's motion for a default judgment against RSA is DENIED.

## CONCLUSION

1. PKP's motion for a more definite statement is GRANTED. Accordingly, Schlafly shall, by December 8, 1994, file an amended complaint curing the deficiencies described above. See Section I. Defendants shall then have until January 6, 1995 to file a responsive pleading (e.g. answer, motion to dismiss, etc.). Should Schlafly fail to file an amended complaint by December 8, 1994, his action will be dismissed with prejudice.

2. RSA's motion to quash service of process is GRANTED. Accordingly, Schlafly shall, by December 8, 1994, perfect service on RSA in accordance with the rules specified above. See Section II. Should Schlafly fail to perfect service on RSA by December 8, 1994, his claims against RSA will be dismissed with prejudice.

3. Schlafly's motion for a default judgment against RSA is DENIED.

4. Schlafly is further advised that he must file two copies of all moving, opposition and reply papers with the Court.

IT IS SO ORDERED.

DATED: 11/22/94

Spencer Williams
U.S. DISTRICT COURT JUDGE