JAMES R. BUSSELLE (SB# 75980)
THOMAS E. MOORE III (SB# 115107)
MARY E. O'BYRNE (SB# 121067)
**TOMLINSON, ZISKO, MOROSOLI & MASER**
200 Page Mill Road, Second Floor
Palo Alto, California 94306
Telephone: (415) 325-8666

Attorneys for Defendant
RSA Data Security, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER SCHLAFLY, <br><br> Plaintiff, <br><br> vs. <br><br> PUBLIC KEY PARTNERS and RSA DATA SECURITY, INC., <br><br> Defendants. | CASE NO.: C 94 20512 SW (PVT) <br><br> DEFENDANT RSA DATA SECURITY, INC.'S ANSWER TO AMENDED COMPLAINT <br><br> **DEMAND FOR JURY TRIAL** |

Defendant RSA Data Security, Inc., ("RSA") answers plaintiff Roger Schlafly's ("Plaintiff") Amended Complaint as follows:

1. Responding to paragraph 1, RSA admits that it does business at 100 Marine Parkway, Redwood City, CA 94065. Except as specifically admitted, RSA denies each and every allegation set forth in paragraph 1.

2. Responding to paragraphs 2 and 3, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraphs, and, on that basis, denies the allegations of

1 said paragraphs.

2     3. Responding to paragraph 4, RSA admits the allegations
3 of said paragraph.

4     4. Responding to paragraph 5, RSA admits that under
5 general federal law this Court has subject matter jurisdiction
6 over claims arising under antitrust law (Title 15, Sherman
7 Antitrust Act) and under patent law (Title 35) and under 28
8 U.S.C. Sections 1331, 1337(a), 1338(a), 1338(b), 2201 and 2202.
9 Except as specifically admitted above, RSA denies each and every
10 allegation contained in paragraph 5.

11     5. Responding to paragraph 6, RSA admits that defendant
12 PKP ("PKP") controls the following U.S. patents and their foreign
13 equivalents: Diffie-Hellman 4,200770; Hellman-Merkle 4,218,582;
14 RSA 4,405,829; Hellman-Pohlig 4,424,414; and Schnorr 4,995,082.
15 Except as specifically admitted, RSA lacks sufficient information
16 and belief on which to admit or deny the remaining allegations of
17 said paragraph, and, on that basis, denies the remaining allega-
18 tions of said paragraph.

19     6. Responding to paragraph 7, RSA lacks sufficient
20 information and belief on which to admit or deny the allegations
21 of said paragraph, and, on that basis, denies the allegations of
22 said paragraph.

23     7. Responding to paragraph 8, RSA denies each and every
24 allegation contained in said paragraph.

25     8. Responding to paragraphs 9 through 21, the Court
26 dismissed said paragraphs from the Amended Complaint.

27     9. Responding to paragraph 22, RSA admits that a copy of
28 a paper by Whitfield Diffie and Martin E. Hellman is attached as

TOMLINSON, ZISKO, MOROSOLI & MASER
ATTORNEYS AT LAW
200 PAGE MILL ROAD, SECOND FLOOR
PALO ALTO, CALIFORNIA 94306
(415) 325-8666

DEFT. RSA'S ANSWER TO     -2-
AMENDED COMPLAINT

36221.1

Exhibit T to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

10. Responding to paragraph 23, RSA admits that a copy of another paper by Diffie and Hellman is attached as Exhibit U to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

11. Responding to paragraph 24, RSA admits that a copy of a paper by Diffie is attached as Exhibit V to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

12. Responding to paragraph 25, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraph, and, on that basis, denies the allegations of said paragraph.

13. Responding to paragraph 26, RSA denies each and every allegation contained in said paragraph.

14. Responding to paragraph 27, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraph, and, on that basis, denies the allegations of

DEFT. RSA'S ANSWER TO
AMENDED COMPLAINT

-3-

36221.1

said paragraph.

15. Responding to paragraph 28, RSA denies each and every allegation contained in said paragraph.

16. Responding to paragraph 29, RSA admits that Cylink has filed a complaint alleging on information and belief that the RSA patent is invalid and that such complaint is attached as Exhibit X to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

17. Responding to paragraphs 30, 31 and 32, RSA denies each and every allegation contained in said paragraphs.

18. Responding to paragraph 33, RSA admits that a letter purporting to be from PKP is attached as Exhibit R to the Amended Complaint and contains the quote set forth in said paragraph. Such document speaks for itself. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

19. Responding to paragraph 34, RSA admits that a letter purporting to be from PKP is attached as Exhibit S to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

20. Responding to paragraphs 35 through 40, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraphs, and, on that basis, denies the allegations of said paragraphs.

21. Responding to paragraph 41, RSA denies each and every allegation contained in said paragraph.

22. Responding to paragraph 42, RSA admits that a letter from D. James Bidzos is attached as Exhibit J to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

23. Responding to paragraph 43, RSA denies each and every allegation contained in said paragraph.

24. Responding to paragraph 44, RSA admits that public notices appear at the listed Federal Register citations and are attached as Exhibit L and M to the Amended Complaint, and that a copy of the DSA patent is attached as Exhibit N. Such documents speak for themselves. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

25. Responding to paragraph 45, RSA admits that a letter purporting to be from PKP to NIST is attached as Exhibit O to the Amended Complaint. Such document speaks for itself. Except as specifically admitted above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

26. Responding to paragraph 46, RSA admits that a copy of letter purporting to be from PKP is attached as Exhibit H to the Amended Complaint and that it contains the sentence quoted in said paragraph. Such document speaks for itself. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

27. Responding to paragraph 47, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraph, and, on that basis, denies the allegations of said paragraph.

28. Responding to paragraph 48, RSA admits that a copy of Ciphertext is attached as Exhibit AB to the Amended Complaint and that it contains the sentence quoted in said paragraph. Such document speaks for itself.

29. Responding to paragraph 49, RSA denies each and every allegation contained in said paragraph.

30. Responding to paragraph 50, RSA denies each and every allegation contained in said paragraph.

31. Responding to paragraphs 51 and 52, RSA lacks sufficient information and belief on which to admit or deny the allegations of said paragraphs, and, on that basis, denies the allegations of said paragraphs.

32. Responding to paragraphs 53 and 54, RSA denies each and every allegation contained in said paragraphs.

33. Responding to paragraphs 55 through 73, the Court dismissed said paragraphs from the Amended Complaint.

34. Responding to paragraphs 74 and 80, RSA denies each and every allegation contained in said paragraphs.

35. Responding to paragraph 81, RSA admits that it is engaged in interstate commerce and that its products are sold nationwide. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

36. Responding to paragraph 82, RSA admits that a copy of a letter from D. James Bidzos is attached as Exhibit AD to the

TOMLINSON, ZISKO, MOROSOLI & MASER
ATTORNEYS AT LAW
200 PAGE MILL ROAD, SECOND FLOOR
PALO ALTO, CALIFORNIA 94306
(415) 325-8666

DEFT. RSA'S ANSWER TO AMENDED COMPLAINT
-6-
36221.1

Amended Complaint and that it contains the sentence quoted in said paragraph. Such document speaks for itself.

37. Responding to paragraph 83, RSA admits that Cylink controls Caro-Kann Corp., a partner in PKP, as a wholly-owned subsidiary with no employees, sales, or physical assets. RSA further admits that the Hellman patents were originally assigned to Stanford and that the RSA patent was originally assigned to MIT and exclusively licensed to RSA. RSA further admits that the Hellman patents, the RSA patent and the Schnorr patent are under the exclusive licensing control of PKP. RSA denies that PKP has pooled patents in an attempt to monopolize public key technologies and that the Hellman patents were originally exclusively licensed to Cylink. Except as expressly admitted or denied above, RSA lacks sufficient information and belief on which to admit or deny the remaining allegations of said paragraph, and, on that basis, denies the remaining allegations of said paragraph.

38. Responding to paragraphs 84 through 91, RSA denies each and every allegation contained in said paragraphs.

39. Responding to paragraph 92, RSA admits that a copy of the text on a poster is attached as Exhibit Z to the Amended Complaint and that it contains the sentence quoted in said paragraph. Such document speaks for itself. Except as specifically admitted above, RSA denies each and every allegation contained in said paragraph.

40. Responding to paragraph 93, RSA admits that a copy of picture of D. James Bidzos wearing a T-shirt is attached as Exhibit AA to the Amended Complaint. Such document speaks for

itself.

41.  Responding to paragraph 94, RSA lacks sufficient information and belief on which to admit or deny whether Plaintiff has been developing software for the Fortezza (aka Tessera) card, a device which purports to have Clipper chip technology, and on that basis, denies such allegations.  Except as expressly denied on information and belief, RSA denies each and every allegation contained in said paragraph.

42.  Responding to paragraphs 95 through 99, RSA denies each and every allegation contained in said paragraphs.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Amended Complaint and as affirmative defenses thereto, RSA alleges that:

### FIRST AFFIRMATIVE DEFENSE

43.  Plaintiff has failed to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44.  Any damages or injuries suffered by Plaintiff were occasioned by his own wrongful actions.

### THIRD AFFIRMATIVE DEFENSE

45.  Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

46.  Plaintiff's claims are barred by waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

47.  Plaintiff's claims are barred by unclean hands.

TOMLINSON, ZISKO, MOROSOLI & MASER
ATTORNEYS AT LAW
200 PAGE MILL ROAD, SECOND FLOOR
PALO ALTO, CALIFORNIA 94306
(415) 325-8666

## SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred by fraud.

## EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are void, wrongful, without right, illegal, and/or unlawful.

## NINTH AFFIRMATIVE DEFENSE

51. Plaintiff's damages, if any, were caused in whole or in part by person or persons other than RSA.

## TENTH AFFIRMATIVE DEFENSE

52. The MIT Patent was validly issued and remains valid and enforceable.

## ELEVENTH AFFIRMATIVE DEFENSE

53. At all times relevant hereto, RSA's conduct and statements were in good faith, engaged in without malice, and were privileged and/or justified.

## TWELFTH AFFIRMATIVE DEFENSE

54. This Court lacks subject matter jurisdiction, as Plaintiff has not alleged facts that would give rise to such jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

55. Some or all of Plaintiff's claims lack necessary and indispensable parties as required by Fed. R. Civ. P. 19, and so there is a misjoinder or nonjoinder of parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff lacks standing to assert some or all of the claims set forth in the Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff is barred from any recovery on the Amended Complaint because he failed to make reasonable efforts to mitigate his damages although he had a reasonable opportunity to do so.

### SIXTEENTH AFFIRMATIVE DEFENSE

58. To the extent that RSA has monopoly power in the relevant market, which is denied, such power was unavoidably thrust upon RSA as a result of, among other things, business acumen, superior products, economic or technical skill and efficiency, and natural advantages stemming from RSA's intellectual property rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

59. RSA is exempt from antitrust liability for its conduct by virtue of the patent laws (Title 35).

### EIGHTEENTH AFFIRMATIVE DEFENSE

60. Any discrimination in prices was lawful under the antitrust laws in that any such discrimination was the result of a good faith effort to meet competition.

### NINETEENTH AFFIRMATIVE DEFENSE

61. Any discrimination in prices was lawful under the antitrust laws in that any such discrimination was the result of due allowance in the costs involved with respect to particular purchasers.

### TWENTIETH AFFIRMATIVE DEFENSE

62. Any discrimination in prices was lawful under the antitrust laws in that any such discrimination was the result of changing conditions in the marketability of the licenses or

products involved.

PRAYER FOR RELIEF

WHEREFORE, Defendant RSA prays for:

1. Dismissal of Plaintiff's Amended Complaint in its entirety with prejudice, judgment in favor of RSA and against Plaintiff, and denial of all relief requested in the Amended Complaint;

2. Defendant's reasonable attorney fees;

3. Defendant's costs of suit; and

4. Such other further relief as this Court deems just and proper.

Dated: February 27, 1995           TOMLINSON ZISKO MOROSOLI & MASER

                                   By: _____
                                       Thomas E. Moore III
                                       Attorneys for Defendant RSA
                                       Data Security, Inc.

DEFT. RSA'S ANSWER TO                    -11-
AMENDED COMPLAINT
                                                                        36221.1

**DEMAND FOR JURY TRIAL**

Defendant RSA Data Security, Inc. hereby demands a jury trial in this action.

Dated: February 27, 1995          TOMLINSON ZISKO MOROSOLI & MASER

By: *Thomas E. Moore III*
Thomas E. Moore III
Attorneys for Defendant RSA
Data Security, Inc.

PROOF OF SERVICE U.S. MAIL
<u>SCHLAFLY V. PUBIC KEY PARTNERS AND RSA DATA SECURITY, INC.
UNITED STATES DISTRICT COURT CASE NO.: C 94 20512 PVT</u>

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 200 Page Mill Road, Second Floor, Palo Alto, California 94306.

On February 27, 1995, I served the foregoing documents described as:

**DEFENDANT RSA DATA SECURITY, INC.'S ANSWER TO AMENDED COMPLAINT**

on the interested parties in this action addressed as follows:

**Roger Schlafly
P. O. Box 1680
Soquel, CA 95073**

**Thomas R. Hogan
60 South Market Street, Suite 1125
San Jose, California 95113-2332**

[X] **BY MAIL**

    [ ]    I deposited such envelope in the mail at Palo Alto, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Palo Alto, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 27, 1995, at Palo Alto, California.

[ ] **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Sharon L. Sotelo

TOMLINSON, ZISKO, MOROSOLI & MASER
ATTORNEYS AT LAW
200 PAGE MILL ROAD, SECOND FLOOR
PALO ALTO, CALIFORNIA 94306
(415) 325-8666