

1 | Thomas R. Hogan, Esq., California State Bar No. 042048
2 | John P. Shinn, Esq., California State Bar No. 175598
LAW OFFICES OF THOMAS R. HOGAN
3 | 60 South Market Street, Suite 1125
San Jose, CA 95113-2332
4 | Telephone: (408) 292-7600

5 | Attorneys for Defendant
6 | PUBLIC KEY PARTNERS

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | ROGER SCHLAFLY,                    )    No. CV 94 20512 SW (PVT)
                                       )
12 |        Plaintiff,                 )    DECLARATION OF THOMAS R. HOGAN
                                       )    IN SUPPORT OF MOTION
13 | v.                                )    FOR PROTECTIVE ORDER
                                       )
14 | PUBLIC KEY PARTNERS and           )    Date:  June 6, 1995
RSA DATA SECURITY, INC.,              )    Time:  11:00 a.m.
15 |                                    )    Magis. Patricia V. Trumbull
          Defendants.                  )
16 | ———————————————————————————————— )

17

18 |        I, Thomas R. Hogan, declare:

19 |        1.   I am an attorney duly licensed to practice before all

courts in the State of California, and I am the attorney of record

20 | for defendant Public Key Partners.  I make this declaration based

21 | upon personal knowledge, information and belief, and I am

22 | competent to so testify if called as a witness.

23 |        2.   On March 13, 1995, during a meeting with plaintiff Roger

24 | Schlafly, a proposal was made that plaintiff and defendants

25 | stipulate to a protective order to govern the process of discovery

26 | in this case.  Also, at that meeting, I suggested the inclusion of

27

28 | DECLARATION OF THOMAS R.
HOGAN IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER

1  an "attorney's eyes only" provision, to govern the exchange of

2  extremely confidential information.

3      3.   In subsequent conversations with plaintiff Schlafly, he

4  has been unwilling and reluctant to so stipulate.

5      4.   In a good faith effort to meet and confer on this issue,

6  on March 24, 1995, I sent a letter to plaintiff Schlafly outlining

7  the pertinent case law and issues on the subject of protective

8  orders, and again reiterated the need for such an order.  A true

9  and correct of copy of this letter is attached as Exhibit A to

10  this declaration.

11      5.   On or about April 7, 1995, I forwarded to plaintiff

12  Schlafly a copy of the proposed protective order, a true and

13  correct copy of which is attached as Exhibit B to this

14  declaration.

15      6.   On April 10, 1995, I received a letter from plaintiff

16  Schlafly, in which he repeated his unwillingness to stipulate to

17  the protective order as drafted.  A true and correct copy of this

18  letter is attached at Exhibit C to this declaration.

19      7.   To date, plaintiff Schlafly refuses to agree to the

20  proposed protective, and, as a result, defendant PKP brings the

21  instant motion.

22      I declare under penalty of perjury that the foregoing is true

23  and correct.  Executed this 9th day of May, 1995, at San Jose,

24  California

25

                                   THOMAS R. HOGAN

26

27                                   Attorneys for Defendant
PUBLIC KEY PARTNERS

28  DECLARATION OF THOMAS R.
HOGAN IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER         2

LAW OFFICES OF

## THOMAS R. HOGAN

60 SOUTH MARKET STREET, SUITE 1125
SAN JOSE, CALIFORNIA 95113-2332

TELEPHONE (408) 292-7600
FACSIMILE (408) 292-7611

March 24, 1995

Roger Schlafly
Post Office Box 1680
Soquel, California  95073

      Re:   Schlafly v. Public Key Partners, et al., United States
           District Court, Northern District, Case No. C-94-20512
           SW PVT

Dear Mr. Schlafly:

    You will recall that during our meeting on March 13, 1995 with
regard to discovery in this case, we proposed the inclusion of an
"attorney's eyes only" provision in any stipulated protective
order.  In our subsequent conversations, you have indicated your
disagreement with this concept and made reference to the fact that
this does not appear anywhere in the Federal Rules of Civil
Procedure.

    I believe you will find the case of Brown Bag Software v.
Symantec Corp., (9th Cir. 1992) 960 F.2d 1465, instructive with
respect to this issue.  In that case, which arose in this district
and involved allegations of copyright infringement, the parties
agreed that confidential information would be subject to a
protective order containing an "attorney's eyes only" provision.
At that time, both parties were represented by outside counsel.
Subsequently, Brown Bag's retained counsel withdrew and their
defense was thereafter handled by in-house counsel.  Symantec then
moved for a protective order which sought to prevent Brown Bag's
counsel's access to the confidential material under the parties'
previous stipulation.  After an evidentiary hearing, the Court
issued an Order preventing Brown Bag's in-house counsel from
reviewing the documents and allowing Brown Bag access only through
an "independent consultant, legal or otherwise."  This Order was
upheld on appeal.

    In our case, as you know, you are both the client and your own
counsel and, hence, the situation is even more aggravated than was
presented in Brown Bag Software.

Roger Schlafly
March 24, 1995
Page 2

---

    As I have discussed with you, we expect to shortly provide you with a proposed protective order and we will make every effort to enter into an agreement protecting the rights of all parties.  If we are unsuccessful, the Court will appropriately review the issues and decide them for us.  For the moment, since we do not anticipate producing any confidential information during this early stage of discovery, this issue need not be resolved.  The purpose of this letter is to give you some basis for our position with respect to confidential information.

                    Very truly yours,

                    Thomas R. Hogan

TRH/lh

1 | Thomas R. Hogan, Esq., California State Bar No. 042048
LAW OFFICES OF THOMAS R. HOGAN
2 | 60 South Market Street, Suite 1125
San Jose, CA  95113-2332
3 | Telephone:  (408) 292-7600

4

Attorneys for Defendant
5 | PUBLIC KEY PARTNERS

6

7 | UNITED STATES DISTRICT COURT

8 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | ROGER SCHLAFLY,                    )        No. CV 94 20512 SW
11 |                                    )
              Plaintiff,              )        [PROPOSED] STIPULATION AND
12 |                                    )        PROTECTIVE ORDER
     v.                              )
13 |                                    )
     PUBLIC KEY PARTNERS and         )
14 | RSA DATA SECURITY, INC.,          )
                                     )
15 |         Defendants.               )
     _____ )
16

17 |        The parties to this action hereby stipulate that a Protective

18 | Order in the form attached hereto may be entered by the United

19 | States District Court, Northern District of California in Schlafly

20 | v. Public Key Partners C 94-20512 SW.  The parties stipulate that

21 | said Protective Order is necessary because discovery in this

22 | action is likely to result in the production of information and

23 | documents which contain highly sensitive, proprietary,

24 | confidential and trade secret information, the disclosure of which

25 | ////

26 | ////

27 | ////

28

STIPULATION AND
PROTECTIVE ORDER

1   to the other party or to third parties may cause injury to the
2   producing party and/or to third parties.

3

4

5   DATED: _____          By: _____
6                                   Roger Schlafly, Plaintiff

7.
    DATED: _____          LAW OFFICE OF THOMAS R. HOGAN
8
9                               By: _____
                                    Thomas R. Hogan
10                                  Attorneys for Defendant
                                    PUBLIC KEY PARTNERS
11
    DATED: _____          TOMLINSON ZISKO MOROSOLI & MASER
12

13
                                By: _____
14                                  Mary E. O'Byrne
                                    Attorneys for Defendant
15                                  RSA DATA SECURITY, INC.

16

17       The parties having stipulated to the entry of this Protective
18   Order, and good cause appearing therefor, it is ORDERED as
19   follows:
20       1.   Any party to this action which, in discovery, produces
21   or discloses any item of discovery, including without limitation
22   any document, thing, interrogatory answer, deposition testimony or
23   admission, may designate the same as "CONFIDENTIAL BUSINESS
24   INFORMATION PROTECTED BY COURT ORDER" where this discovery
25   information contains trade secrets, competitively sensitive
26   information, or other highly confidential information the present
27   disclosure of which would, in the good faith judgment of the party
28

STIPULATION AND
PROTECTIVE ORDER                    2

1   making the disclosure, be detrimental to that party or to third

2   parties in the conduct of their business.  Any party to this

3   action may similarly designate as "CONFIDENTIAL BUSINESS

4   INFORMATION PROTECTED BY COURT ORDER" any item of discovery that

5   is produced or disclosed by a third party.

6       2.   Any party to this action may designate certain highly

7   confidential material which otherwise meets the criteria set forth

8   in Paragraph 1, as "CONFIDENTIAL -- LITIGATION COUNSEL ONLY."  A

9   party may designate only the following material as "CONFIDENTIAL -

10  - LITIGATION COUNSEL ONLY:"

11          a.   Information regarding the prices charged by any

12  party to this action for the sale or licenses of its products or

13  technology;

14          b.   Information regarding the general financial

15  condition of any party to this action;

16          c.   Documents or information reflecting the identity of

17  customers or prospective customers of any party to this action;

18          d.   Documents or information reflecting the terms of

19  proposals to customers or prospective customers for the sale or

20  licenses of a party's products or technology;

21          e.   Documents or information reflecting the terms of

22  agreements with a party's customers for the sale or licenses of

23  that party's products or technology;

24          f.   Documents or information reflecting a party's

25  analysis of competing products, and/or advertising, marketing or

26  sales strategies; and

27

28

STIPULATION AND
PROTECTIVE ORDER                    3

1           g.    Documents or information reflecting a party's

2 research and development of its products, technology or services;

3 and

4           h.    Documents or information of third parties which was

5 provided to the producing party pursuant to Non-disclosure

6 Agreements.

7 Any party to this action may similarly designate as "CONFIDENTIAL

8 -- LITIGATION COUNSEL ONLY" any item of discovery that is produced

9 or disclosed by a third party. Any information designated

10 "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be treated as if it

11 had been designated "CONFIDENTIAL -- LITIGATION COUNSEL ONLY."

12 The designations "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" and

13 "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" shall have the same

14 meaning under this Protective Order. Any material designated

15 "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" or "CONFIDENTIAL --

16 LITIGATION COUNSEL ONLY" may not be viewed by the plaintiff Roger

17 Schlafly, but it may be viewed by independent expert consultants

18 retained by him in accord with the provisions of paragraph 9

19 below.

20     3.    The designation of protected information that exists in

21 tangible form shall be effected by visibly marking it as

22 "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER" or

23 "CONFIDENTIAL -- LITIGATION COUNSEL ONLY." Protected information

24 that exists in a form that cannot readily be marked in a visible

25 fashion shall be specifically identified, when produced, in

26 correspondence by the producing party. In the event the producing

27 party elects to produce original files and records for inspection,

28

STIPULATION AND
PROTECTIVE ORDER          4

1    and the inspecting party desires to inspect these files and

2    records, no markings need be made by the producing party in

3    advance of the initial inspection.  For purposes of the initial

4    inspection, all documents within the produced files and records

5    shall be considered as marked "CONFIDENTIAL -- LITIGATION COUNSEL

6    ONLY."  Thereafter, upon selection of specified documents for

7    copying by the inspecting party, the producing party shall mark

8    the copies of such documents as may contain confidential material

9    as "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER" or

10   "CONFIDENTIAL -- LITIGATION COUNSEL ONLY," prior to producing the

11   copies.  Marking the first page of a multi-page document with one

12   of the two "CONFIDENTIAL" designations shall be deemed a

13   designation of all pages of such document under that

14   confidentiality designation, unless otherwise indicated by the

15   producing party.

16        4.   If during the course of a deposition any questions are

17   asked regarding material designated "CONFIDENTIAL BUSINESS

18   INFORMATION PROTECTED BY COURT ORDER," then only counsel of

19   record, the representatives for each of the parties identified at

20   Paragraph 8 herein, any experts identified by the parties in

21   compliance with the provisions of Paragraph 8(c), the deponent,

22   and the court reporter, shall be allowed to be present during such

23   portion of the deposition, and only to the extent that such

24   persons have complied (in each applicable instance) with the

25   provisions of Paragraph 11 hereof.  The corresponding portion of

26   the deposition transcript shall be designated by the reporter as

27   "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER."

28

STIPULATION AND
PROTECTIVE ORDER                    5

1   This Paragraph 4 shall not be deemed to authorize disclosure of
2   any document or information to any person to whom disclosure is
3   prohibited under this Protective Order.

4       5.   If during the course of a deposition any questions are
5   asked regarding material designated "CONFIDENTIAL --LITIGATION
6   COUNSEL ONLY" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," then only
7   the persons identified in Paragraph 9, the deponent pursuant to
8   the terms of Paragraph 10 and the court reporter shall be allowed
9   to be present during such portion of the deposition, and only to
10  the extent that such persons have complied (in each applicable
11  instance) with the provisions of Paragraph 11 hereof.   The
12  plaintiff Roger Schlafly shall not be  allowed to be present
13  during this portion of the deposition, but independent expert
14  consultants retained by him in accord with the provisions of
15  paragraph 9 below shall be allowed to be present.   The
16  corresponding portion of the deposition transcript shall be
17  designated by the reporter as "CONFIDENTIAL -- LITIGATION COUNSEL
18  ONLY."   This Paragraph 5 shall not be deemed to authorize
19  disclosure of any document or information to any person to whom
20  disclosure is prohibited under this Protective Order.

21      6.   With respect to depositions of any party or any person
22  employed by, formerly employed by, or acting on behalf of a party
23  to this action:

24          a.   Such party shall make a good faith effort to
25  identify questions or responses under one of the two
26  confidentiality designations on the record during the deposition.
27  When that party makes a confidentiality designation on the record

28

STIPULATION AND
PROTECTIVE ORDER                    6

1  during the course of the deposition, then only the persons

2  entitled to have access to that information under the particular

3  designation as set forth in Paragraphs 8 and 9 below, shall remain

4  present in the deposition during that questioning;

5         b.    Notwithstanding Paragraph 6.a. above, such party

6  shall have until five (5) court days after receipt of the

7  deposition transcript within which to inform the other parties and

8  the court reporter that portions of the transcript are designated

9  "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER" or

10  "CONFIDENTIAL -- LITIGATION COUNSEL ONLY."  No such deposition

11  transcript shall be disclosed to any person other than the persons

12  identified in Paragraph 9 below, the deponent pursuant to the

13  terms of Paragraph 10 below, and the court reporter during these

14  five (5) court days, and no person attending such a deposition

15  shall disclose the contents of the deposition to any person other

16  than the persons identified in Paragraph 9 below, the deponent

17  pursuant to the terms of Paragraph 10 below, and the court

18  reporter during this five (5) court days;

19         c.    Upon being informed that certain portions of a

20  deposition are to be designated as "CONFIDENTIAL BUSINESS

21  INFORMATION PROTECTED BY COURT ORDER" or "CONFIDENTIAL --

22  LITIGATION COUNSEL ONLY," each party and the court reporter shall

23  cause each copy of the transcript in his or its custody or control

24  to be so marked immediately; and

25         d.    In the event that a portion of a deposition is

26  transcribed separately, the time for making the designation

27  pursuant to paragraph 6.b. above shall begin to run from the time

28

1  the portion of the transcript is received by the designating
2  party.

3       7.   All protected information marked or designated as
4  provided herein shall not be used by any recipient or disclosed by
5  anyone for any purpose other than in connection with this action,
6  and shall not be disclosed by the recipient to anyone other than
7  those persons designated below, unless and until the restrictions
8  herein are removed either by agreement of counsel for all the
9  parties or by order of the Court.  This provision shall not be
10 construed to prevent outside counsel from representing a party to
11 this agreement in other litigation.

12      8.   Only upon compliance with the provisions of Paragraph 11
13 below, the following persons may be allowed access to information
14 designated as "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY
15 COURT ORDER:"

16           a.   Court reporter(s);

17           b.   Outside litigation counsel to the recipient, and
18 legal associates, paralegal assistants, clerical staff, data
19 processing staff, and secretaries regularly employed by such
20 outside counsel and who are actively engaged in assisting such
21 counsel with respect to this action;

22           c.   Independent expert consultants engaged in this
23 matter for the plaintiff Roger Schlafly or by counsel for the
24 defendants (which expert consultants are not regularly employed by
25 any of the parties), provided, however, that notice of intent to
26 disclose confidential material to any such expert consultant shall
27 be provided to the other party at least fifteen (15) days prior to

28

STIPULATION AND
PROTECTIVE ORDER                8

1   such disclosure, during which period any other party may apply to

2   the Court for an Order prohibiting such disclosure.  The notice of

3   intent to disclose shall identify the proposed expert consultants,

4   including his or her current curriculum vitae, his or her area of

5   expertise and a statement concerning said expert consultant's

6   prior relationship, if any, with any party and/or the issues

7   presented in the litigation.  The information which is the subject

8   of any motion hereunder shall not be disclosed to the identified

9   expert consultant pending final resolution of the motion; and

10          d.   The representatives specifically designated below

11  of each of the parties as follows:

12               (i)    The designated party representatives of RSA

13               Data Security, Inc. are D. James Bidzos, Ronald R.

14               Rivest and Kathy Conrow.

15               (ii)   The designated party representatives of

16               Public Key Partners are Robert Fougner, Lewis Morris,

17               Jim Omura, D. James Bidzos, Ronald R. Rivest and Kathy

18               Conrow.

19               (iii)  The designated party representative of Roger

20               Schlafly is Roger Schlafly.

21  Upon fifteen days' written notice to the opposing party, either

22  party may substitute a new designated party representative in

23  place of a designated representative set forth above.  During such

24  fifteen-day period, the other party may apply to the Court for an

25  order prohibiting such designation.  The information which would

26  otherwise be made available to designated party representatives

27  shall not be disclosed to the proposed substitute party

28

STIPULATION AND
PROTECTIVE ORDER                    9

1   representative pending final resolution of the application.

2       9.   Only upon compliance with the provisions of Paragraph 11

3   below, the following persons may be allowed access to information

4   designated as "CONFIDENTIAL -- LITIGATION COUNSEL ONLY or

5   "CONFIDENTIAL -- ATTORNEY'S EYES ONLY:"

6           a.   Court reporter(s);

7           b.   Outside litigation counsel engaged in this matter

8   for the defendants, and legal associates, paralegal assistants,

9   clerical staff, data processing staff, and secretaries regularly

10  employed by such outside litigation counsel and who are actively

11  engaged in assisting such counsel with respect to this matter.

12  Each firm shall take steps as are reasonably necessary to ensure

13  adequate protection against improper disclosure; and

14          c.   Independent expert consultants engaged in this

15  matter for the plaintiff Roger Schlafly or by counsel for the

16  defendants (which expert consultants are not regularly employed by

17  any of the parties), provided, however, that notice of intent to

18  disclose confidential material to any such expert consultant shall

19  be provided to the other party at least fifteen (15) days prior to

20  such disclosure, during which period any other party may apply to

21  the Court for an Order prohibiting such disclosure.   The

22  information which is the subject of any motion hereunder shall not

23  be disclosed to the identified expert consultant pending final

24  resolution of the motion.

25          (1)   Defendants shall have no obligation to produce

26             information designated as "CONFIDENTIAL -- LITIGATION

27             COUNSEL ONLY or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY to

28

STIPULATION AND
PROTECTIVE ORDER                    10

1  the plaintiff Roger Schlafly directly.  Defendants shall

2  produce materials under this designation to an

3  independent expert consultant retained by plaintiff in

4  accord with this paragraph.

5  10.  Notwithstanding the provisions of Paragraphs 8 and 9

6  hereof:

7  a.  At the deposition of a person then or formerly

8  employed by or associated with a party, information designated

9  "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER,"

10  "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" or "CONFIDENTIAL --

11  ATTORNEY'S EYES ONLY" by that party may be disclosed to that

12  person only in compliance with the following terms and conditions:

13  (i)  The party proposing to disclose the

14  information designated under one of the two confidentiality

15  designations must give five (5) days' advance written notice to

16  the party who designated the information prior to any such

17  disclosure, provided however, that it is not necessary to provide

18  this notice if the party intends to disclose the information to a

19  deponent who wrote the document or is shown as a recipient of the

20  document, as shown on the face of the document;

21  (ii)  Unless otherwise agreed between the parties

22  in a writing signed by all parties or on the record at a

23  deposition, but not otherwise, the deponent must have complied

24  with the provisions of Paragraph 11 before being shown any

25  information designated under one of the two confidentiality

26  designations; and

27

28

STIPULATION AND
PROTECTIVE ORDER                    11

1          (iii)   Unless otherwise agreed between the parties
2    in a writing signed by all parties or on the record at a
3    deposition, but not otherwise, the deponent may be shown
4    information designated under one of the two confidentiality
5    designations, only if that information is dated or was created
6    during the period of time that the deponent was employed or
7    associated with the designating party; and

8          b.   All parties may agree in a writing signed by all
9    parties, or on the record at a deposition, but not otherwise, to
10   permit any document designated under either of the two
11   confidentiality designations to be shown to a particular
12   individual on such terms as the parties agree upon, and the
13   document shall for all other purposes be treated as having been
14   designated under that particular confidentiality provision under
15   the terms of this Protective Order, and the agreed upon disclosure
16   shall not be considered to be a waiver of any rights or evidence
17   that the document is not entitled to the full protection afforded
18   by this Protective Order to documents designated under that
19   confidentiality designation.

20        11.   Unless otherwise agreed between all of the parties in a
21   written agreement signed by all parties or on the record in a
22   deposition by all of the parties, no person authorized under
23   Paragraphs 8 or 9 to have access to information designated
24   "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER" or
25   "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" shall be granted access
26   to that information until that person has received and read a copy
27   of this Protective Order and has agreed in writing to be bound

28

STIPULATION AND
PROTECTIVE ORDER                    12

1   hereby by signing a copy of the Declaration of Agreement attached

2   hereto as Exhibit A.  The original of each executed Declaration of

3   Agreement shall be maintained by the party receiving the

4   information designated under one of the two confidentiality

5   designations.

6       12.  Nothing herein shall restrict a party's use or

7   disclosure of material obtained by such party independent of

8   discovery in this action (whether or not such material is also

9   obtained through discovery in this action), or from disclosing its

10  own confidential material.

11      13.  Any party receiving an item of information which has

12  been designated as "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY

13  COURT ORDER," "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" or

14  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" may object in writing to

15  such designation.  The following procedure shall apply to the

16  resolution of any such objection:

17          a.   The written objection must identify the particular

18  information which the receiving party believes should not be

19  treated in accord with its confidentiality designation.  If the

20  information has been designated as "CONFIDENTIAL -- LITIGATION

21  COUNSEL ONLY" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," and

22  plaintiff's independent expert consultant seeks to change that

23  designation such that plaintiff can view the information, then the

24  written objection must be prepared by the independent consultant;

25          b.   The parties and/or independent expert consultant

26  must meet and confer as soon as possible after the objection is

27  made, but no later than three court days after the objection is

28

STIPULATION AND
PROTECTIVE ORDER                    13

1    served on the producing party.  The meet and confer session should
2    be held in good faith in an effort to resolve the dispute without
3    the necessity of a hearing before the Court;

4           c.    If the objection is not resolved through the meet
5    and confer session, the party receiving the information or the
6    independent expert consultant for plaintiff (with respect to
7    information designated "CONFIDENTIAL -- LITIGATION COUNSEL ONLY"
8    or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY") may make a motion to
9    the Court to challenge the designation.  The content of such
10   motion shall consist of an identification of the information
11   subject to the dispute, and a summary of the reasons for the
12   objection;

13          d.    Any opposition to the motion must be filed with the
14   Court in accord with its procedures.  The party producing the
15   information shall bear the burden of proof with respect to the
16   appropriateness of the designations of the information;

17          e.    Any reply in support of the motion must be filed
18   with the Court in accord with its procedures;

19          f.    The information which is the subject of the motion
20   shall be treated in accordance with its designated confidential
21   status pending resolution of the motion.

22      14.  Any documents or other information designated as
23   "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER,"
24   "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" or "CONFIDENTIAL --
25   ATTORNEY'S EYES ONLY" which are filed with the Court for any
26   purpose shall be filed in a sealed envelope marked on the outside
27   with the title of the action, an identification of each document

28

STIPULATION AND
PROTECTIVE ORDER                    14

1  or other item within, and a statement substantially in the
2  following form:

3          "CONFIDENTIAL BUSINESS INFORMATION PROTECTED
4          BY COURT ORDER" or "CONFIDENTIAL -- LITIGATION
5          COUNSEL ONLY"

6          "This envelope contains information that is the subject
7          of a Confidential Protective Order entered by the Court.
8          It is not to be opened nor the contents thereof
9          displayed except by Court Order or by agreement of the
10         parties."

11  To the extent practicable, protected information shall be filed
12  separately or in severable portions of filed papers, so that the
13  non-confidential portions may freely be disseminated.  No
14  protected information shall be included in whole or in part in
15  pleadings, motions, briefs, or other papers filed in this action
16  or with the Court except as provided in this Paragraph.

17      15.  In the event a party believes it is necessary that
18  material designated under one of the two confidentiality
19  categories be disclosed to a person other than those persons to
20  whom disclosure is authorized by this Protective Order, but that
21  the information otherwise remain confidential, then that party may
22  file a motion with the Court for an appropriate modification of
23  this Protective Order, specifying the particular confidential
24  material proposed to be disclosed, the person(s) to whom the party
25  proposes to disclose the material, and the reasons why such
26  disclosure is necessary.  The motion shall be made upon the
27  Court's regular noticed motion schedule.  Such motion may be

28

STIPULATION AND
PROTECTIVE ORDER                    15

1 granted, in whole or in part, and upon such conditions as the
2 Court deems appropriate.

3    16.  Nothing in this Protective Order shall limit or preclude
4 either party from applying to the Court for relief from this
5 Protective Order, or for such further or additional Protective
6 Orders as the Court may deem appropriate.

7    17.  Each party shall take reasonable precautions to prevent
8 the unauthorized or inadvertent disclosure of any confidential
9 material.  All documents or other tangible material containing or
10 comprising confidential material shall, when not in use, be stored
11 in a secured area of the offices of outside counsel for the
12 parties or of other persons authorized to have access to such
13 material pursuant to the terms of this Order.  It shall not be
14 necessary for confidential material to be kept locked, so long as
15 only persons authorized to see them under this protective order
16 are reasonably likely to have access to them.

17    18.  Neither the taking of any action in accordance with the
18 provisions of this Protective Order nor the failure to object to
19 such action shall be construed as a waiver of any claim or defense
20 in this action.  Moreover, the failure to designate information in
21 accordance with this Protective Order or the failure to object to
22 a designation at a given time shall not preclude the filing of a
23 motion at a later date seeking to impose such designation or
24 challenging the propriety thereof.  This Protective Order shall
25 not be construed as a waiver of any right to object to the
26 furnishing of information in response to discovery.  Further, the
27 entry of this Protective Order shall not relieve any party of the

28

STIPULATION AND
PROTECTIVE ORDER                    16

1    obligation of producing information in the course of discovery, in

2    accordance with the terms of this Protective Order.

3        19.   Upon final termination of this action, including the

4    exhaustion of all appeals from any enforcement proceedings, all

5    confidential information furnished or produced under the terms of

6    this Protective Order, including all copies thereof and all

7    documents incorporating such information, shall be (1) delivered

8    to the designating party, or (2) destroyed, unless the parties

9    otherwise agree in a writing filed with the Court.  Papers filed

10   with the Court shall remain under seal unless the Court, for good

11   cause shown, otherwise directs.  The parties may maintain copies

12   of pleadings filed in this action which contain confidential

13   information, provided, however, that the restrictions on use and

14   access in this order shall continue to remain in place with

15   respect to such pleadings and work product, unless the parties

16   otherwise agree in writing.

17       20.   This Protective Order shall remain in full force and

18   effect unless modified by an Order of the Court or by the written

19   stipulation of all parties hereto filed with the Court.  Without

20   limiting the generality of the foregoing, this Protective Order

21   shall survive and remain in full force and effect after the

22   termination of this action.

23       21.   Court Procedures.

24           a.   The parties shall understand and agree that persons

25   employed by the Court have no duty to the parties to protect or

26   maintain the alleged confidentiality of any information in any

27   papers filed with the Court.

28

STIPULATION AND
PROTECTIVE ORDER              17

1        b.    For applications and motions to the court in which

2   a party submits confidential information, all documents containing

3   "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER",

4   "CONFIDENTIAL -- LITIGATION COUNSEL ONLY" or "CONFIDENTIAL --

5   ATTORNEY'S EYES ONLY" which are submitted to the Court shall be

6   filed with the Court in sealed envelopes or other appropriate

7   sealed containers on which shall be endorsed the title of the

8   action to which it pertains, an indication of the nature of the

9   contents of the sealed envelope or other container, the word

10  "CONFIDENTIAL" and a statement substantially in the following

11  form:

12            This envelope is sealed pursuant to order of the Court,

13            contains Confidential information, and is not to be

14            opened or the contents revealed except by order of this

15            Court.

16  The document shall indicate clearly which portions are designated

17  to be confidential.  A copy of this protective order shall be

18  submitted with the lodged materials.  Materials lodged shall be

19  returned by the Court to the submitting party immediately after

20  the hearing or as nearly as is otherwise practicable.  Any and all

21  confidential materials shall be kept either by the submitting

22  party or by a safe independent depository for the duration of the

23  action.

24        c.   Any Court hearing which refers to or describes

25  "CONFIDENTIAL BUSINESS INFORMATION PROTECTED BY COURT ORDER,"

26  "CONFIDENTIAL -- LITIGATION COUNSEL ONLY," or "CONFIDENTIAL --

27

28

1  ATTORNEY'S EYES ONLY" shall in the Court's discretion be <u>in</u>

2  <u>camera</u>.

3          d.    Notwithstanding the above, any party may apply to

4  the Court for an order allowing the filing of papers containing

5  confidential information, if that party believes the filing of the

6  papers is necessary for a complete record.  Any such papers shall

7  be placed by the submitting party in a sealed envelope labeled as

8  set forth in "b." above.  Any papers containing confidential

9  information shall be returned to the submitting party upon

10 dismissal or final judgment in the action.

11

12 DATED:  _____          _____
                                          SPENCER WILLIAMS, JUDGE
13                                        UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND
PROTECTIVE ORDER                    19

1              EXHIBIT A - DECLARATION OF AGREEMENT

2     I, _____, declare and say that:

3     1.   I live at _____

4    _____

5     I am employed as [state position] _____

6    _____

7    _____.

8     2.   I have read the Protective Order entered in <u>Schlafly v.</u>

9 <u>Public Key Partners and RSA Data Security, Inc</u>, C 94 20512 SW

10 (PVT), and a copy of the Protective Order has been given to me.

11     3.   I promise that any information designated "CONFIDENTIAL

12 BUSINESS INFORMATION PROTECTED BY COURT ORDER" or "CONFIDENTIAL --

13 LITIGATION COUNSEL ONLY" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY"

14 within the meaning of the Protective Order will only be used by me

15 or disclosed by me for a purpose in connection with this action

16 and in the conduct of this action and for no other purpose.

17     4.   I promise that I will not disclose or discuss

18 information designated as "CONFIDENTIAL BUSINESS INFORMATION

19 PROTECTED BY COURT ORDER" to or with anyone other than the persons

20 described in Paragraph 8 of the Protective Order.

21     5.   I promise that I will not disclose or discuss

22 information designated as "CONFIDENTIAL -- LITIGATION COUNSEL

23 ONLY" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" to or with anyone

24 other than the persons described in Paragraph 9 of the Protective

25 Order.

26     6.   I understand that any disclosure or use of confidential

27 material or information obtained from confidential material in any

28

STIPULATION AND
PROTECTIVE ORDER          20

manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt of the Court's Order.  I consent to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____, 19___ at _____,

_____.

_____

STIPULATION AND
PROTECTIVE ORDER                    21

REC'D APR 1 0 1995

Tom Hogan
60 S Market St, Ste 1125
San Jose, CA 95113
408-292-7600

April 7, 1995

Dear Mr. Hogan,

I received your proposed protective order, and your letter arguing for confidentiality.

I cannot agree to the order as written, because it keeps me from seeing documents that I believe will be essential to my case.  It also restricts my ability to conduct depositions.  I am willing to agree to some restrictions on what I can do with the documents, provided that they are really trade secrets, but I don't how I can prepare my case without access to them.

Getting a protective order should involve a narrow specification of documents, evidence that the information is maintained as a trade secret, and a showing that irreversible damage will result from disclosure.  It is not obvious to me, for example, that PKP financial data can meet these conditions.

I will argue for confidentiality conditions for my source code, and for documents subject to third-party nondisclosure agreements.  If necessary, I can make a showing that disclosure is damaging.  Source code is the most sensitive of trade secrets, and I am not satisfied that the proposed protective order has sufficient safeguards in place for source code.  I'd like to see a list of every individual who gets access to it, a representation that such access is necessary, and guarantees that no copies will be made.

I also see some differences between my situation and Brown Bag Software v. Symantec, the case cited in your letter.  Brown Bag had agreed to an "attorneys eyes only" protective order, and then reneged later when it fired the outside counsel.  The court ruled that outside counsel had ample opportunity to examine the documents, and may have blown some deadlines.  The documents included very sensitive source code.  Corporations have to use attorneys anyway, but individuals do not.  There are other differences also, which I can argue in court if necessary.

Based on our discussions, I expect you to file a motion with the court, asking for a protective order along the lines you have proposed.  I will then oppose this motion, and make my own proposal.

Sincerely,

Roger Schlafly