Thomas R. Hogan, Esq., California State Bar No. 042048
John P. Shinn, Esq., California State Bar No. 175598
LAW OFFICES OF THOMAS R. HOGAN
60 South Market Street, Suite 1125
San Jose, CA 95113-2332
Telephone: (408) 292-7600

Attorneys for Defendant
PUBLIC KEY PARTNERS

FILED
JUN 13  3 59 PM '95
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SCHLAFLY, <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC KEY PARTNERS, and <br> RSA DATA SECURITY, INC., <br><br> Defendants. | No. C-94 20512 SW (PVT) <br><br> DECLARATION OF <br> THOMAS R. HOGAN IN SUPPORT OF <br> REQUEST FOR DENIAL OR <br> CONTINUANCE OF SUMMARY <br> JUDGMENT UNDER FRCP 56(f) <br><br> Before: Hon. Spencer Williams |

I, Thomas R. Hogan, declare as follows:

1. I am an attorney duly licensed to practice before all courts in the State of California, and I am the attorney of record for defendant Public Key Partners. I make this declaration based upon personal knowledge, information and belief, and I am competent to so testify if called as a witness.

2. On May 30, 1995, plaintiff Schlafly filed a motion in this Court for partial summary judgment on the issue of validity of a number of different patents, to which defendants hold licenses.

3. On June 6, 1995, all parties appeared before Magistrate Judge Trumbull, and argued over the application of a protective order governing discovery in this case.

DECLARATION OF THOMAS R. HOGAN IN SUPPORT OF REQUEST
FOR DENIAL OR CONTINUANCE OF SUMMARY JUDGMENT

Substantive discovery has not yet begun and will be delayed on this matter, until such time as an evidentiary hearing can be held and the protective order is issued by the Court. Furthermore, at the same June 6th hearing, the Court ordered that the first status conference in this action be held on July 12, 1995. By virtue of at least these two developments, it is clear that plaintiff's motion for partial summary judgment is premature, because neither party has had an opportunity to conduct any meaningful discovery nor contact any experts who will be required to analyze the various technical issues.

4. In support of his motion for partial summary judgment, plaintiff makes reference to a number of allegedly undisputed facts. Many of these facts are unsubstantiated, confusing, and technically complex. Also, many of the facts are based on expert conclusions, and plaintiff Schlafly does not cite to one single expert affidavit, other than his own opinion. Both parties need more time to assess the relative factual and technical merits of this case and to consult with experts. To that end, only further discovery will enable the parties to address adequately the points raised in plaintiff's moving papers.

5. Plaintiff contends in his moving papers, inter alia, that the inventors of certain patents, to which defendants hold licenses, made prior disclosure of their inventions at certain conferences. Nowhere in his moving papers does plaintiff mention any details of any of the conferences or whether any of the alleged disclosures actually took place. This information is not readily available to the parties, and only further discovery will enable the plaintiff to substantiate his claims and then allow defendants to respond adequately.

6. Plaintiff furthermore contends that certain documents he possesses constitute a prior publication of those inventors' ideas. One particular document to which plaintiff cites does not indicate a date of any kind, the fact of legal publication is not clear with respect to another, and only further discovery will indicate the true nature and date of these publications.

7. In addition, plaintiff contends that another of defendants patents is invalid as inoperable. He cites no reference, however, other than anecdotal references to a wager, that

technically supports this conclusion, nor does he make reference to any expert affidavit. Both parties require additional time to study this allegation, its complex technical nature and attendant factual inquiries, and to conduct discovery as to the precise nature of the claims. The parties also need time to allow experts to review the technical aspects of this claim.

8.  Plaintiff also argues that all of the patents to which defendants hold licenses are invalid, in that they allegedly consist of an unpatentable mathematical algorithm. Summary judgment on the issue of alleged non-statutory subject matter (that is, the alleged use of mathematical algorithms as the basis of a patent application) is far too factually complicated and technically complex to be dealt with at such an early date. Furthermore, adequate presentation of the evidence with regard to this issue will require the use of expert testimony, and neither party has had an opportunity to consult any experts with respect to this action.

9.  In order to respond adequately to plaintiff's allegations, the following discovery is being planned: interrogatories, requests for production of documents, depositions of plaintiff Schlafly and other parties to the action, and consultations with potential expert witnesses.

10. I believe that the information outlined above will raise genuine issues of material fact as to plaintiff's allegations, will assist plaintiff in clarifying his own position, and may indeed lead defendants to move for partial summary judgment on the very same issues. As such, defendants request that the present motion be denied as premature pursuant to Fed.R.Civ.Pro. 56(f).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of June, 1995 at San Jose, California.

Dated: June 13, 1995

Thomas R. Hogan