1  **Thomas R. Hogan, Esq., California State Bar No. 042048**
   **John P. Shinn, Esq., California State Bar No. 175598**
2  **LAW OFFICES OF THOMAS R. HOGAN**
   **60 South Market Street, Suite 1125**
3  **San Jose, CA  95113-2332**
   **Telephone:  (408) 292-7600**
4
   **Attorneys for Defendant**
5  **PUBLIC KEY PARTNERS**

6

7

8                   UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ROGER SCHLAFLY,                    )    No. CV 94 20512 SW (PVT)
                                       )
12      Plaintiff,                     )    DEFENDANT PUBLIC KEY
                                       )    PARTNERS' SEPARATE STATEMENT
13  v.                                 )    OF UNDISPUTED FACTS IN SUPPORT
                                       )    OF MOTION FOR PARTIAL
14  PUBLIC KEY PARTNERS and            )    SUMMARY JUDGMENT
    RSA DATA SECURITY, INC.,           )    Date:  December 6, 1995
15                                     )    Time:   10:00 a.m.
        Defendants.                    )    Before:  Hon. Spencer Williams
16  _____)

17

18        As an aid to the Court and prepartory to any request for a Joint Statement of

19  Undisputed Facts under Local Rule 56-2, defendant Public Key Partners hereby submits the

20  following statement of undisputed facts, together with references to supporting evidence, in

21  support of its Motion for Partial Summary Judgment of Plaintiff's complaint.

22  UNDISPUTED MATERIAL FACT:          SUPPORTING EVIDENCE:

23
24  1.     Schlafly has no, nor can he point to     Schlafly Depo. pps. 171:19-172:21, 181:4-

25  any cognizable damage theory.  PKP's          15, 487:25-489:13, 751:4-17, 804:12-805:9

26  actions have not caused him any damage.

27  2.     Schlafly has no actionable evidence     Schlafly Depo. pps. 609:14 - 613:9

28  of threats or harassment by PKP.

3.     Schlafly has no evidence of PKP's intent to violate Sherman and/ or Clayton Antitrust Acts.

Schlafly Depo. pps. 741:25-742:2

4.     Schlafly only has a personal opinion regarding monopolizing intent.  He has no evidence of inent.

Schlafly Depo. pps. 321:8-322:16, 741:25-742:2

5.     Schlafly is only a cryptographic software developer, and he has made no attempt to enter the market or sell software to end users.

Schlafly Depo. pps. 283:19-26, 743:3-5, 751:15-17, 753:11-18, 761:4-8

6.     Schlafly literally took his $2,000,000 damage claim "out of thin air."

Schlafly Depo. pps. 805:8-9

7.     Schlafly is unable to point to any concrete evidence of damage, and cannot apportion any portion of his stated damages.

Schlafly Depo. pps. 804:9-806:23

8.     ISC has made a conscious decision not to join plaintiff in his lawsuit.

Schlafly Depo. pps. 703:14-19, 751:18-23

9.     Schlafly has no evidence of any anticompetitive effect on prices in the cryptographic products market.

Schlafly Depo. pps. 729:23-730:13, 740:26-741:17

Dated: October 6, 1995.

THOMAS R. HOGAN

Attorneys for Defendant
PUBLIC KEY PARTNERS

2