

```
 1 | JAMES R. BUSSELLE (SBN 75980)
   | THOMAS E. MOORE III (SBN 115107)
 2 | MARY E. O'BYRNE (SBN 121067)
   | TOMLINSON, ZISKO, MOROSOLI & MASER
 3 | 200 Page Mill Road, Second Floor
   | Palo Alto, California 94306
 4 | Telephone: (415) 325-8666
 5 | Attorneys for Defendant
   | RSA Data Security, Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER SCHLAFLY, <br><br> Plaintiff, <br><br> vs. <br><br> PUBLIC KEY PARTNERS and RSA DATA SECURITY, INC., <br><br> Defendants. | CASE NO.: C 94 20512 SW (PVT) <br><br> DECLARATION OF THOMAS E. MOORE III IN SUPPORT OF DEFENDANT RSA DATA SECURITY, INC.'S OPPOSITION TO THE MOTION TO INTERVENE PURSUANT TO FRCP 24(a) BY CARO-KANN CORPORATION <br><br> DATE: November 15, 1995 <br> TIME: 10:00 a.m. <br> BEFORE: Hon. Spencer Williams |

I, Thomas E. Moore III, declare:

1. I am an attorney duly licensed to practice law in the courts of the State of California and before the courts of this District. I am an employee of the law firm of Tomlinson Zisko Morosoli & Maser, counsel of record for defendant RSA Data Security, Inc. ("RSA"). I have personal knowledge of each and every fact set forth below and can competently testify thereto.

2. Plaintiff Roger Schlafly filed this action against a California General Partnership, Public Key Partners ("PKP") and one of its two partners, RSA, in July 1994. At that time, PKP

MOORE DECL. IN SUPP. OF DEFT.     -1-
RSA's OPPOSITION TO MOT. TO INTERVENE PURSUANT
TO FRCP 24(a) BY CARO-KANN CORP., CASE NO. C94-20512-SW

46620.1

had the exclusive rights to sublicense technology covered by patents issued to Stanford University and to the Massachusetts Institute of Technology ("MIT"). Mr. Schlafly's complaint alleges: (i) that the Stanford and MIT Patents are invalid; (ii) that the defendants PKP and RSA are liable for a variety of business torts; and (iii) that the defendants are liable for a variety of alleged antitrust violations under both Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2).

3. The other partner in PKP is a wholly owned subsidiary of a company called Cylink Corporation. Its subsidiary, Caro-Kann Corporation ("CKC") was formed solely for the purpose of being RSA's partner in the PKP Partnership. Prior to the time that Mr. Schlafly filed his action in July 1994 against RSA and PKP, there were already significant disputes between the partners in PKP, RSA and CKC, and CKC's parent, Cylink. They were already litigating: (i) a state court ordered arbitration concerning various alleged rights and breaches of the PKP partnership agreement; and (ii) a federal court action filed by Cylink against RSA to invalidate the MIT Patent and RSA's counterclaim that Cylink had been infringing that MIT Patent. In fact, Mr. Schlafly's complaint in this lawsuit includes an express allegation that Cylink's separate action against RSA to invalidate the MIT Patent estops RSA from defending the validity of the MIT Patent.

4. Despite their disagreements, the PKP partners readily selected Thomas R. Hogan as counsel for PKP. Mr. Hogan does not represent either RSA or Cylink/CKC in any other litigation.

MOORE DECL. IN SUPP. OF DEFT.
RSA's OPPOSITION TO MOT. TO INTERVENE PURSUANT
TO FRCP 24(a) BY CARO-KANN CORP., CASE NO. C94-20512-SW

-2-

46620.1

5. The potential for conflict in PKP's counsel's representation of PKP has always existed since Mr. Schlafly first filed his lawsuit in July 1994. For example, Cylink/CKC had already asserted that the MIT Patent was invalid prior to Schlafly's filing this action which is in part to invalidate the MIT Patent. This is contrary to RSA's interests. Also, during the past year, Cylink/CKC have made veiled threats against RSA's customers with respect to the Stanford Patents. As a consequence, RSA filed its own lawsuit to invalidate the Stanford Patents this past September.

6. I have been the attorney in my office primarily responsible for defending RSA in this litigation filed by Mr. Schlafly. Despite the potential for conflict between the PKP partners over PKP's representation in this litigation, Mr. Hogan and I have consistently cooperated in the defense of this action. Mr. Hogan and his staff have defended the validity of the Stanford Patents against Mr. Schlafly's claims. My colleagues and I have defended the validity of the MIT Patent. Neither of us has helped or hindered the other on patent validity issues, and we have an express understanding that neither of us will help or hinder each other on patent validity issues. As to the joint issues, such as Mr. Schlafly's business tort and antitrust claims, Mr. Hogan and I have cooperated and coordinated our discovery and motion work.

7. Under our understanding regarding the patent validity issues in this case, I do not believe that any potential conflict in PKP's representation will become an actual conflict. To the

best of my belief, PKP has been, and will continue to be, perfectly capable of defending the Stanford Patents.

8. On May 30, 1995, Mr. Schlafly filed motions for partial summary judgment to invalidate the Stanford Patents and the MIT Patent. Mr. Hogan then successfully filed a motion under Fed. R. Civ. P. 56(f) for the ability to conduct discovery prior to the hearing. As a consequence, at a July 12, 1995 evidentiary hearing and status conference in this case, Magistrate Trumbull ordered that the defendants file their opposition papers to Schlafly's motion on October 6, 1995, as well as any of the defendants' own motions for partial summary judgment.

9. We have conducted discovery with Magistrate Trumbull's scheduling order in mind. As a result, we have committed considerable time, energy and expense toward the timely filing of those potentially dispositive motions. Mr. Schlafly, PKP and RSA timely filed affirmative motions for partial summary judgment on October 6, 1995. Mr. Schlafly took the opportunity to revise and refile his motion for partial summary judgment. The defendants moved for partial summary judgment on the business tort and antitrust claims. These motions are pending and scheduled to be heard on December 6, 1995. The parties' opposition papers to the summary judgment motions are due November 15, 1995, the date this present motion is scheduled to be heard.

10. Meanwhile, in the arbitration between Cylink/CKC and RSA, the Panel entered its order on September 6, 1995. A copy of that Order is attached to CKC's Declaration of Bryan Wilson as Exhibit 1. Part of the Order was a gratuitous suggestion by the Panel that RSA customers might, under certain circumstances, be

MOORE DECL. IN SUPP. OF DEFT.  -4-
RSA's OPPOSITION TO MOT. TO INTERVENE PURSUANT
TO FRCP 24(a) BY CARO-KANN CORP., CASE NO. C94-20512-SW

46620.1

infringing the Stanford Patents. It was at this time that CKC/Cylink began to make their veiled threats against RSA's customers. To protect its customers, RSA had little choice but to file its own action in federal court challenging the validity and scope of the Stanford Patents. A copy of that complaint is attached as Exhibit 3 of CKC's Wilson Declaration. The defendants in RSA's action are Cylink, CKC and Stanford University. This action is now pending before Judge Orrick in San Francisco.

11. Although defendants' response to RSA's complaint was due on October 9, 1995, they requested an extension. Attached hereto as Exhibit A is a true and correct copy of their letter requesting that extension. RSA assumed that the request was made, in part, so that defendants could prepare a counterclaim against RSA in that litigation before Judge Orrick for a declaration that the Stanford Patents are valid, since RSA is suing to invalidate the Stanford Patents in that litigation. RSA agreed to the extension as a matter of professional courtesy. But instead, only one day after its response was originally due in RSA's federal litigation, CKC filed this motion to intervene and file a counterclaim against RSA in Mr. Schlafly's action for a declaration that the Stanford Patents are valid. CKC/Cylink gave RSA no advance notice that they intended to sue RSA in this litigation brought by Mr. Schlafly.

12. Then, on October 20, 1995, the defendants CKC and Cylink finally answered and counterclaimed against RSA in the Stanford Patent litigation before Judge Orrick. They counterclaimed for contributory infringement and inducing

MOORE DECL. IN SUPP. OF DEFT.  -5-
RSA's OPPOSITION TO MOT. TO INTERVENE PURSUANT
TO FRCP 24(a) BY CARO-KANN CORP., CASE NO. C94-20512-SW

46620.1

1  infringement of the Stanford Patents.  They did not counterclaim
2  for a declaration that the Stanford Patents are valid in the
3  action before Judge Orrick.  A true and correct copy of that
4  Answer and Counterclaim is attached hereto as Exhibit B.

5      13.  In response to Mr. Schlafly's amended complaint, PKP
6  asserted a counterclaim against Mr. Schlafly for infringement of
7  the Stanford Patents.  On behalf of RSA, I did not direct counsel
8  for PKP to assert this counterclaim.  This direction could only
9  have come from CKC, as one of the partners in PKP.

10      I declare under penalty of perjury under the laws of the
11  United States that the foregoing is true and correct.  Executed
12  on October 25, 1995 in Palo Alto, California.

*/s/ Thomas E. Moore III*
Thomas E. Moore III

A

# MORRISON & FOERSTER

ATTORNEYS AT LAW

755 PAGE MILL ROAD
PALO ALTO, CA 94304-1018
TELEPHONE (415) 813-5600
TELEFACSIMILE (415) 494-0792
TELEX 706141 CIOTTI UD

SAN FRANCISCO
LOS ANGELES
SACRAMENTO
ORANGE COUNTY
WALNUT CREEK
SEATTLE

NEW YORK
WASHINGTON, D.C.
DENVER
LONDON
BRUSSELS
HONG KONG
TOKYO

September 29, 1995

DIRECT DIAL NUMBER

(415) 813-5603

By Facsimile

James R. Busselle, Esq.
Tomlinson, Zisko, Morosoli & Maser
200 Page Mill Road
Palo Alto, CA 94306

Re: *RSA Data Security v. Cylink, et al.*, No. C95-03256 WHO

Dear Mr. Busselle:

I am writing to request your agreement to a brief extension of time for Cylink and Caro-Kann to respond to the Complaint in this matter. With your approval, we would like to extend the response date to October 16.

Please let me know if this is agreeable to you. If so, I will prepare an appropriate stipulation. Thank you for your consideration.

Sincerely,

Bryan Wilson

cc: Patrick J. Flinn, Esq.

pa-7400
pa-26052

# EXHIBIT "A"

B

| | |
|---|---|
| 1 | MICHAEL M. CARLSON (Bar No. 88048) |
|   | BRYAN J. WILSON (Bar No. 138842) |
| 2 | JANA G. GOLD (Bar No. 154246) |
|   | Morrison & Foerster |
| 3 | 755 Page Mill Road |
|   | Palo Alto, California 94304-1018 |
| 4 | Telephone: (415) 813-5600 |
| 5 | PATRICK J. FLINN (Bar No. 104423) |
|   | ALSTON & BIRD |
| 6 | One Atlantic Center |
|   | 1201 West Peachtree Street |
| 7 | Atlanta, Georgia 30309 |
| 8 | Attorneys for Defendants |
|   | CYLINK CORPORATION and CARO-KANN CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSA DATA SECURITY, INC., a Delaware Corporation, | No.   C95-03256 MMC |
| Plaintiff, | |
| v. | **ANSWER AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |
| CYLINK CORPORATION, a California Corporation, CARO-KANN CORPORATION, a California Corporation and THE BOARD OF TRUSTEES OF TH LELAND STANFORD JUNIOR UNIVERSITY, a California Corporation | |
| Defendants. | |

ANSWER AND COUNTERCLAIM
AND DEMAND FOR JURY TRIAL
NO. C95-03256 MMC
pa-36618

**EXHIBIT "B"**

1  COME NOW Defendants Cylink Corporation ("Cylink"), CARO-KANN Corporation
2  ("CKC"), and The Board of Trustees of The Leland Stanford Junior University ("Stanford"),
3  hereinafter collectively referred as to "Defendants," and answer the Complaint for Declaratory Relief
4  and Injunctive Relief, and Demand for Jury Trial (hereinafter the "Complaint") of RSA Data
5  Security, Inc. ("RSADSI") as follows:

6  1.  Defendants admit that RSADSI is attempting to plead an Action for Declaratory
7  Judgment that United States Patents 4,200,770, 4,218,582, and 4,424,414 (the "Stanford Patents")
8  are invalid, unenforceable and not infringed by RSADSI. Defendants admit that portions of the
9  Declaratory Judgment Act appear at 28 U.S.C. §§ 2201, 2202, and that certain of the Patent Laws of
10 the United States appear at Title 35 of the United States Code. Defendants deny any averment that
11 the Stanford Patents are in fact invalid, unenforceable or that RSADSI is not in violation of the
12 rights held by the lawful owners and licensees of the patents. Defendants deny all other averments
13 of paragraph 1 of the Complaint.

14 2.  Defendants admit that this Court has jurisdiction in this case and that venue is proper
15 in this Court. Defendants deny all other averments of paragraph 2 of the Complaint.

16 3.  Defendants deny the averments of paragraph 3 of the Complaint.

17 4.  Defendants admit that RSADSI has its principal place of business in Redwood City,
18 California. Defendants are without knowledge or information sufficient to form a belief as to the
19 truth of the remaining averments of paragraph 4, which therefore stand denied.

20 5.  Defendants admit that Cylink is, and has been at the relevant times, a California
21 corporation with its principal place of business in Sunnyvale, California. Defendants admit that
22 Cylink is in the business of developing, manufacturing and selling data encryption software and
23 hardware as well as other products. Defendants deny all other averments of paragraph 5 of the
24 Complaint.

25 6.  Defendants admit that CKC is, and has been at the relevant times, a California
26 corporation with its principal place of business in Sunnyvale, California. Defendants admit that

27
28 ANSWER AND COUNTERCLAIM
   AND DEMAND FOR JURY TRIAL
   NO. C95-03256 MMC

2

pa-36618

1  CKC is a wholly-owned subsidiary of Cylink. Defendants deny all other averments of paragraph 6
2  of the Complaint.

3      7.    Defendants admit that Stanford is, and has been at the relevant times, a body having
4  corporate powers under the laws of the State of California. Defendants admit that in the Complaint
5  RSADSI has collectively referred to Cylink, CKC and Stanford as "Defendants." Defendants deny
6  all other averments of paragraph 7 of the Complaint.

7      8.    Defendants admit that on or about April 29, 1980, U.S. Patent No. 4,200,770 entitled
8  "Cryptographic Apparatus and Method" (the "Diffie-Hellman Patent") was issued to inventors
9  Martin E. Hellman, Whitfield Diffie and Ralph C. Merkle. Defendants deny all other averments of
10 paragraph 8 of the Complaint.

11     9.    Defendants admit that on or about August 19, 1980, U.S. Patent No. 4,218,582
12 entitled "Public Key Cryptographic Apparatus and Method" (the "Hellman-Merkle Patent") was
13 issued to Martin E. Hellman and Ralph C. Merkle. Defendants deny all other averments of
14 paragraph 9 of the Complaint.

15     10.    Defendants admit that on or about January 3, 1984, U.S. Patent No. 4,424,414 entitled
16 "Exponentiation Cryptographic Apparatus and Method" (the "Pohlig-Hellman Patent") was issued to
17 Martin E. Hellman and Steven C. Pohlig. Defendants deny all other averments of paragraph 10 of
18 the Complaint.

19     11.    Defendants admit that Stanford is the assignee (from the inventors) of all right, title
20 and interest in and to the Stanford Patents, that Stanford has granted a license to Cylink allowing
21 Cylink to practice the technology claimed in the Stanford Patents. Defendants further admit that
22 CKC currently holds the exclusive sublicensing rights to the Stanford Patents. Defendants deny all
23 other averments of paragraph 11 of the Complaint.

24     12.    Defendants admit that RSADSI has been granted a license by Stanford to make, use
25 and sell products incorporating the inventions claimed in the Stanford Patents. Defendants deny all
26 other averments of paragraph 12 of the Complaint.

27

1     13.     Defendants admit that at various times in the past, Cylink and/or CKC have alleged that the Diffie-Hellman and Hellman-Merkle Patents cover all known means of practicing what is known as public key cryptography, including the means of practicing public key cryptography as implemented in the data encryption software manufactured and licensed by RSADSI. Defendants deny all other averments of paragraph 13 of the Complaint.

    14.     Defendants admit that Cylink and CKC regard the making of copies by RSADSI customers of RSADSI software incorporating inventions claimed in the Stanford Patents as a direct infringement of the Stanford Patents, and that RSADSI has contributed to and/or induced its customers to infringe the Stanford Patents. Defendants deny all other averments of paragraph 14 of the Complaint.

    15.     Defendants deny the averments of paragraph 15 of the Complaint.

    16.     Defendants admit that there is a justifiable controversy among the parties. Defendants deny all other averments of paragraph 16 of the Complaint.

    17.     Defendants deny the averments of paragraph 17 of the Complaint.

    18.     Defendants deny the averments of paragraph 18 of the Complaint.

    19.     Defendants deny the averments of paragraph 19 of the Complaint.

    20.     Defendants deny the averments of paragraph 20 of the Complaint.

    21.     Defendants deny the averments of paragraph 21 of the Complaint.

    22.     Defendants deny the averments of paragraph 22 of the Complaint.

    23.     Defendants deny the averments of paragraph 23 of the Complaint.

    24.     Defendants deny the averments of the WHEREFORE (ad damnum) paragraph of the Complaint and subparagraphs (a) through (e) thereof, and deny that Plaintiff RSADSI is entitled to any of the relief requested therein. Defendants further deny any and all averments of the Complaint not specifically and expressly admitted above.

## AFFIRMATIVE DEFENSES

    25.     RSADSI's claims are barred, in whole or in part, by arbitration and award.

    26.     RSADSI's claims are barred, in whole or in part, by res judicata.

1    27.    RSADSI's claims are barred by waiver and estoppel, including but not limited to the doctrine of licensor estoppel.

3    28.    RSADSI's claims are barred by laches.

4    29.    RSADSI's claims are barred by unclean hands.

5    30.    WHEREFORE, Defendants ask this Court to enter judgment in favor of Defendants and against Plaintiff, taxing against Plaintiff all costs of this action, and granting to Defendants such other and further relief as this Court deems equitable and just.

## COUNTERCLAIMS

The following counterclaims are stated by Cylink Corporation ("Cylink") and Caro-Kann Corporation ("CKC"), as indicated, against RSA Data Security, Inc. ("RSADSI"):

31.    This Court has subject matter jurisdiction over the counterclaims stated below under the 35 U.S.C. § 271, 15 U.S.C. § 1125(a) et seq., and 28 U.S.C. §§ 1331 and 1338;

32.    This Court has personal jurisdiction over RSADSI on these counterclaims.

33.    Venue is proper in this Court over these counterclaims pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

### CLAIM 1
### (Contributory Infringement of Patents)

34.    This is a claim by CKC against RSADSI for contributory infringement of patent under 35 U.S.C. §271(c).

35.    On April 29, 1980, U.S. Patent No. 4,200,770 entitled "Cryptographic Apparatus and Method" (the "Diffie-Hellman Patent") was duly and legally issued to inventors Martin E. Hellman, Whitfield Diffie and Ralph C. Merkle

36.    On August 19, 1980, U.S. Patent No. 4,218,582 entitled "Public Key Cryptographic Apparatus and Method" (the "Hellman-Merkle Patent") was duly and legally issued to Martin E. Hellman and Ralph C. Merkle.

37.    The Diffie-Hellman and Hellman-Merkle Patents are valid and enforceable.

38. Martin E. Hellman, Whitfield Diffie and Ralph C. Merkle have assigned all right, title and interest in and to the Diffie-Hellman Patent to The Board of Trustees of The Leland Stanford Junior University ("Stanford"). This assignment to Stanford is valid and enforceable.

39. Martin E. Hellman and Ralph C. Merkle have assigned all right, title and interest in and to the Hellman-Merkle Patent to Stanford. This assignment to Stanford is valid and enforceable.

40. CKC has been granted the exclusive right to sublicense the right to make, use and sell products incorporating the inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents. This license agreement is valid and enforceable, and provides CKC with standing to bring a claim against a party attempting to sublicense others to make, use or sell inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents. The Stanford/CKC License also provides CKC with standing to bring a claim against a party contributing to or inducing another party to attempt to sublicense the right to make, use or sell inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents.

41. Upon information and belief, customers of RSADSI are directly infringing the Diffie-Hellman and Hellman-Merkle Patents by, among other things, making copies of software incorporating inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents, and by purporting to license others to use software incorporating inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents.

42. Upon information and belief, RSADSI is selling to its customers a software "tool kit" including source code and object code which incorporates inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents. RSADSI knows that its customers intend to make copies of this software, and/or to modify the source code substantially, and/or to use this software as a component in other software which the customers will license to third parties, all of which will constitute acts of direct infringement of the Diffie-Hellman and Hellman-Merkle Patents by RSADSI's customers. RSADSI specifically purports to grant the right to its tool kit customers to make, use and sell products covered by the Diffie-Hellman and Hellman-Merkle patents.

43. The component software being sold by RSADSI to its customers is not suitable for substantial noninfringing use by RSADSI's customers.

ANSWER AND COUNTERCLAIM
AND DEMAND FOR JURY TRIAL
NO. C95-03256 MMC

6

pa-36618

44. The component software being sold by RSADSI to its customers is a material part of the patented invention in the Diffie-Hellman and Hellman-Merkle Patents.

45. Upon information and belief, RSADSI's contributory infringing of the Diffie-Hellman and Hellman-Merkle Patents has been deliberate, knowing, and in wanton disregard of the intellectual property rights of CKC.

46. Upon information and belief, RSADSI will continue its contributory infringement of the Diffie-Hellman and Hellman-Merkle Patents unless enjoined by this Court.

47. CKC has been damaged by the contributory infringement of RSADSI in an amount to be proven at trial.

48. WHEREFORE, CKC prays for relief as hereinafter set forth.

## CLAIM 2
### (Inducement to Infringe Patents)

49. This is a claim by CKC against RSADSI for inducement to infringe patents under 35 U.S.C. § 271(b)

50. CKC incorporates herein all of the averments of paragraphs 35 through 42 above.

51. Upon information and belief, RSADSI knows, should know, and even specifically intends that its customers will make copies of software incorporating inventions claimed in the Diffie-Hellman and Hellman-Merkle Patents, and/or modify the source code substantially, and/or use this software as a component in other software which the customers will license to third parties, all of which will constitute acts of direct infringement of the Diffie-Hellman and Hellman-Merkle Patents by RSADSI's customers. RSADSI specifically purports to grant the right to its tool kit customers to make, use and sell products covered by the Diffie-Hellman and Hellman-Merkle patents.

52. Upon information and belief, by these acts RSADSI is knowingly and intentionally inducing infringement of the Diffie-Hellman and Hellman-Merkle Patents by its customers, in wanton disregard of the intellectual property rights of CKC.

ANSWER AND COUNTERCLAIM
AND DEMAND FOR JURY TRIAL
NO. C95-03256 MMC

7

pa-36618

53. Upon information and belief, RSADSI will continue its inducement to infringe the Diffie-Hellman and Hellman-Merkle Patents unless enjoined by this Court.

54. CKC has been damaged by the inducements to infringe by RSADSI in an amount to be proven at trial.

55. WHEREFORE, CKC prays for relief as hereinafter set forth.

### CLAIM 3
### (False Advertising)

56. This is a claim by Cylink and CKC against RSADSI for false advertising under the Lanham Act, 15 U.S.C. § 1125(a) et seq.

57. CKC incorporates herein all of the averments of paragraphs 1 through 54 above, and Cylink adopts and asserts these averments on its own behalf.

58. RSADSI is a competitor of Cylink and CKC in the cryptography market. The Diffie-Hellman and Hellman-Merkle Patents claim inventions that are used in the cryptography market.

59. RSADSI has made public, false and misleading representations to its customers and to others in the cryptography market, including the representations that: (a) one does not need a license to the Diffie-Hellman and Hellman-Merkle Patents to practice public key cryptography; and (b) one does not need a license to the Diffie-Hellman and Hellman-Merkle Patents to make copies, of RSADSI's tool kit software, or to make substantial changes to RSADSI's tool kit source code, or to license third parties to use software originating in RSADSI's tool kit software; and (c) that RSADSI owns sufficient rights under the Diffie-Hellman and Hellman-Merkle patents to permit its customers to make and sell products covered by those patents.

60. The false representations referenced above are material and have deceived, or have a tendency to deceive, a substantial segment of existing and/or potential licensees of the Diffie-Hellman and Hellman-Merkle Patents.

61. The false representations referenced above have, or are likely to, influence consumers purchasing cryptography products and services, including those within the scope of the Diffie-Hellman and Hellman-Merkle Patents.

62. As a direct and proximate result of RSADSI's false and misleading representations referenced above, Cylink and CKC have suffered damages and have been, and are likely to be, irreparably injured.

## PRAYER

WHEREFORE, Cylink and CKC pray that this Court enter judgment in favor of Cylink and CKC and against RSADSI, granting them the following relief:

(a) Preliminary and permanent injunctions against RSADSI and its officers, employees, attorneys, agents, and others acting in concert or participation with them, from inducing infringement and/or contributing to infringement of the Diffie-Hellman and Hellman-Merkle Patents;

(b) Preliminary and permanent injunctions against RSADSI and its officers, employees, attorneys, agents, and others acting in concert or participation with them, from engaging in any acts of false or misleading advertising, statements, or publications concerning: (1) whether one needs a license to the Diffie-Hellman or Hellman-Merkle Patents to practice public key cryptography, or (2) whether one needs a license to the Diffie-Hellman and Hellman-Merkle Patents to make copies of RSADSI's tool kit software, or to make substantial changes to RSADSI's tool kit source code, or to license third parties to use software originating in RSADSI's tool kit software; or (3) whether RSADSI holds sufficient rights under the patents to grant its customers the right to make, and sell products covered by the patents;

(c) Damages in an amount to be proven at trial;

(d) Treble damages according to proof at trial;

(e) Costs and attorney fees and other expenses of litigation; and

(f) Such other and further relief as this Court deems equitable and just.

1 | **DEMAND FOR JURY TRIAL**

2 | Defendants and Counter-Claimants also hereby demand trial by jury.

5 | Dated: October 20, 1995

ALSTON & BIRD

MORRISON & FOERSTER

By: /s/ Michael M. Carlson

Michael M. Carlson
Attorney for Defendants

Attorneys for Defendant
THE BOARD OF TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY and
Defendants/Counter-Claimants
CYLINK CORPORATION and
CARO-KANN CORPORATION

PROOF OF PERSONAL SERVICE
(FRCivP 5(b)) *or*
(CCP 1011, 2015.5)

I, Leland Rowton, declare as follows:

I am employed by Western Messenger Service, whose address is 75 Columbia, San Francisco, CA 94102. I am not a party to the within cause; and I am over the age of eighteen years.

I further declare that on October 20, 1995, I hand-served a copy of

**ANSWER TO COMPLAINT**

on the following:

James R. Busselle, Esq.
Thomas E. Moore, III, Esq.
Mary E. O'Byrne, Esq.
Tomlinson Zisko Morosoli & Maser
200 Page Mill Road, Second Floor
Palo Alto, CA  94306

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Palo Alto, California, this 20th day of October, 1995.

_____Leland Rowton_____                    _____
          (typed)                                (signature)