ORIGINAL

1  MICHAEL M. CARLSON (Bar No. 88048)
   BRYAN J. WILSON (Bar No. 138842)
2  JANA G. GOLD (Bar No. 154246)
   Morrison & Foerster
3  755 Page Mill Road
   Palo Alto, California 94304-1018
4  Telephone: (415) 813-5600
   Facsimile: (415) 494-0792
5
   PATRICK J. FLINN (Bar No. 104423)
6  ALSTON & BIRD
   One Atlantic Center
7  1201 West Peachtree Street
   Atlanta, Georgia 30309
8  Telephone: (404) 881-7000
   Facsimile: (404) 881-8777
9
   Attorneys for Proposed Intervenor
10 CARO-KANN CORPORATION

FILED
Nov 1  3 30 PM '95
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SCHLAFLY,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC KEY PARTNERS and<br>RSA DATA SECURITY, INC.,<br><br>Defendants. | No.   CV 94 20512 SW<br><br>**REPLY DECLARATION OF ROBERT B. FOUGNER IN SUPPORT OF CKC'S MOTION TO INTERVENE**<br><br>Date:  November 15, 1995<br>Time:  10:00 a.m.<br>Courtroom: 14 |

I, Robert B. Fougner, declare:

1. I am an attorney admitted to practice before the courts of the states of California and New York. This Declaration is submitted on behalf of Caro-Kann Corporation ("CKC") in support of its Motion to Intervene. The facts stated in this Declaration are known to me personally, and if called as a witness, I could and would testify to them under oath.

REPLY DECLARATION OF ROBERT B. FOUGNER
IN SUPPORT OF CKC'S MOTION TO INTERVENE
Case No. CV 94 20512 SW

2. I am President of CKC which, along with RSA Data Security, Inc. ("RSA"), is a general partner in Public Key Partners ("PKP"). I became aware today for the first time of the existence of a pending motion by RSA in this action which may affect CKC's rights, claims, liabilities or legal position in this or related actions. I believe I have the right as a general partner in PKP to be kept informed of matters which may affect PKP's, as well as CKC's interest. However, I was not informed by PKP's counsel of the existence of RSA's pending motion. It is my understanding that PKP's counsel believed that the terms of the protective order precluded any discussion with me, including a general description of the subject matter or the relief sought.

3. Today I reviewed, for the first time, answers filed on PKP's behalf to numerous Requests for Admissions by Plaintiff Schlafly, seeking to prove the invalidity of certain patents now sublicensed exclusively by CKC. These patent are extremely valuable. In the brief period since September 6, 1995, when CKC recovered its rights to sublicense these patents, CKC has already executed license agreements and received license commitments worth over $1,000,000.

4. If CKC had been permitted to answer Plaintiff's Requests, CKC would have denied many of the assertions propounded by Plaintiff. Unfortunately, due to the conflict of interest between PKP's former partners, PKP merely denied knowledge or information responsive to Plaintiff's Request. Furthermore, in at least one instance, PKP responded, in part, by stating "…this Request is properly directed to non-party Caro-Kann Corporation…." (*See* Defendant Public Key Partners' Responses to First Plaintiff Request for Admission of Facts, Response No. 26.)

I declare, under penalty of perjury and the laws of the State of California, that the foregoing is true and correct, and that I executed this Declaration on November 1, 1995, in Sunnyvale, California.

_____
Robert B. Fougner

REPLY DECLARATION OF ROBERT B. FOUGNER         2
IN SUPPORT OF CKC'S MOTION TO INTERVENE
Case No. CV 94 20512 SW

2. I am President of CKC which, along with RSA Data Security, Inc. ("RSA"), is a general partner in Public Key Partners ("PKP"). I became aware today for the first time of the existence of a pending motion by RSA in this action which may affect CKC's rights, claims, liabilities or legal position in this or related actions. I believe I have the right as a general partner in PKP to be kept informed of matters which may affect PKP's, as well as CKC's interest. However, I was not informed by PKP's counsel of the existence of RSA's pending motion. It is my understanding that PKP's counsel believed that the terms of the protective order precluded any discussion with me, including a general description of the subject matter or the relief sought.

3. Today I reviewed, for the first time, answers filed on PKP's behalf to numerous Requests for Admissions by Plaintiff Schlafly, seeking to prove the invalidity of certain patents now sublicensed exclusively by CKC. These patents are extremely valuable. In the brief period since September 6, 1995, when CKC recovered its rights to sublicense these patents, CKC has already executed license agreements and received license commitments worth over $1,000,000.

4. If CKC had been permitted to answer Plaintiff's Requests, CKC would have denied many of the assertions propounded by Plaintiff. Unfortunately, due to the conflict of interest between PKP's former partners, PKP merely denied knowledge or information responsive to Plaintiff's Request. Furthermore, in at least one instance, PKP responded, in part, by stating "...this Request is properly directed to non-party Caro-Kann Corporation...." (See Defendant Public Key Partners' Responses to First Plaintiff Request for Admission of Facts, Response No. 26.)

I declare, under penalty of perjury and the laws of the State of California, that the foregoing is true and correct, and that I executed this Declaration on November 1, 1995, in Sunnyvale, California.

/s/ Robert B. Fougner

REPLY DECLARATION OF ROBERT B. FOUGNER
IN SUPPORT OF CKC'S MOTION TO INTERVENE     2
Case No. CV 94 20512 SW