Thomas R. Hogan, Esq., California State Bar No. 042048
LAW OFFICES OF THOMAS R. HOGAN
60 South Market Street, Suite 1125
San Jose, CA 95113-2332
Telephone: (408) 292-7600

Attorneys for Defendant
PUBLIC KEY PARTNERS

FILED
Nov 15  3 57 PM '95
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SCHLAFLY, <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC KEY PARTNERS and RSA DATA SECURITY, INC., <br><br> Defendants. | No. CV 94 20512 SW (PVT) <br><br> DECLARATION OF THOMAS R. HOGAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Date: December 6, 1995 <br> Time: 10:00 a.m. <br> The Honorable Spencer Williams |

I, Thomas R. Hogan, declare:

1. I am an attorney duly licensed to practice law in all the courts of the State of California, and in this District, and I am the counsel of record for defendant Public Key Partners. I make this declaration based upon personal knowledge, information and belief, and I am competent to so testify if called as a witness.

2. On December 8, 1994, plaintiff Roger Schlafly ("Schlafly") filed an Amended Complaint in this action, claiming, inter alia, invalidity of four patents, then licensed to Public Key Partners ("PKP"). In or around September 1995, PKP was dissolved by order of an arbitration panel, arising out of a dispute between the constituent partners. One result of the arbitration decree was that the ownership of the patents, on which Schlafly claims invalidity,

1  was reverted to the original licensees: Caro-Kann Corporation ("CKC") and RSA Data
2  Security, Inc. ("RSA"). On October 5, 1995, Schlafly moved for summary judgment on those
3  same patents.

4      3.    In drafting its response to Schlafly's motion, it has become impossible for PKP's
5  original partners to agree on critical issues, especially with respect to the validity of the patents
6  in question. As RSA represents and defends its patents in these proceedings, CKC is required
7  to defend its patents. As a necessary consequence, PKP submits this Declaration to the court,
8  to which PKP attaches, as Exhibit A, the Opposition of CKC to Schlafly's Motion for Partial
9  Summary Judgment, and incorporates the same herein by reference.

10      I declare under penalty of perjury that the foregoing is true and correct.

12  DATED: *November 15, 1995.*                        _____
                                                           Thomas R. Hogan

## PROOF OF SERVICE U.S. MAIL

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 60 South Market Street, Suite 1125, San Jose, California 95113.

On November 15, 1995, I served the foregoing documents described as:

**DECLARATION OF THOMAS R. HOGAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

on the interested parties in this action addressed as follows:

**Roger Schlafly**
**Post Office Box 1680**
**Soquel, California 95073**

**Thomas E. Moore, Esq.**
**Tomlinson, Zisko, Morosoli & Maser**
**200 Page Mill Road, 2nd Floor**
**Palo Alto, California 94306**

[X] BY MAIL

[ ] I deposited such envelope in the mail at San Jose, California. The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Jose, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 15, 1995, at San Jose, California.

[ ] STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ J.H. Holmes*
LESLIE HOLMES