# ORIGINAL

1  MICHAEL M. CARLSON (Bar No. 88048)
   BRYAN J. WILSON (Bar No. 138842)
2  JANA G. GOLD (Bar No. 154246)
   Morrison & Foerster
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: (415) 813-5600
   Facsimile:  (415) 494-0792
5
   PATRICK J. FLINN (Bar No. 104423)
6  ALSTON & BIRD
   One Atlantic Center
7  1201 West Peachtree Street
   Atlanta, Georgia 30309
8  Telephone: (404) 881-7000
   Facsimile: (404) 881-7777
9
   Attorneys for Defendant and Counterclaim
10 Plaintiff CARO-KANN CORPORATION

11

12              UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14

15 ROGER SCHLAFLY,                   No. CV 94 20512 SW (PVT)

16         Plaintiff,

17     v.                            ANSWER AND COUNTERCLAIM OF
                                     CARO-KANN CORPORATION TO
18 PUBLIC KEY PARTNERS and           FIRST AMENDED COMPLAINT
   RSA DATA SECURITY, INC.,
19
           Defendants.
20

21  ─────────────────────────────

   CARO-KANN CORPORATION,
22
           Counterclaim Plaintiff,
23
       v.
24
   ROGER SCHLAFLY, and RSA DATA
25 SECURITY, INC.,

26         Counterclaim
   Defendants.
27

28

CKC's ANSWER AND COUNTERCLAIM
No. CV 94 20512 SW (PVT)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant and Counterclaim Plaintiff CARO-KANN CORPORATION (hereinafter "CKC"), answers the Second and Third Causes of Action in Plaintiff's Amended Complaint ("Complaint") filed herein on December 8, 1994, as follows:

1.    In answer to paragraph 1 of the Complaint, CKC admits that Mr. Robert Fougner is the Director of Licensing of PKP, and that the business addresses of Mr. Fougner and RSA Data Security, Inc. (hereinafter "RSADSI") are correctly stated.  CKC denies each of the remaining allegations of paragraph 1 of the Complaint.

2.    In answer to paragraphs 2, 3, and 5, inclusive, of the Complaint, Defendant CKC lacks sufficient information or belief upon the subject contained therein sufficient to enable it to answer any of said allegations and, placing its denial on that ground, denies each and every allegation therein.

3.    In answer to paragraph 4 of the Complaint, CKC admits that RSADSI and Caro-Kann Corporation were, at all times of the Complaint, partners in PKP, that Mr. James Bidzos was the President of PKP, and that Mr. Bidzos is the President of RSADSI.  CKC denies each of the remaining allegations of paragraph 4 of the Complaint.

4.    In answer to paragraph 6 of the Complaint, CKC is without knowledge or information sufficient to form a belief as to the allegations contained therein because the word "control" is vague and ambiguous and on that basis denies each of the allegations of paragraph 6 of the Complaint.  In addition, CKC responds that PKP was dissolved on September 6, 1995 and its patent assets returned to the individual partners, and on that basis denies the allegations of paragraph 6 of the Complaint.

CKC's ANSWER AND COUNTERCLAIM
No. CV 94 20512 SW (PVT)

1      5.   In answer to paragraphs 7 and 8, inclusive, of the

2 Complaint, CKC denies each and every allegation contained therein.

3      6.   In answer to paragraph 22 of the Complaint, CKC admits

4 that Exhibit T to the Complaint is copy of a paper, W. Diffie and M.

5 Hellman, "Multiuser cryptographic techniques," with the running

6 footer National Computer Conference 1976, discussing public key

7 cryptography and digital signatures. CKC denies each of the

8 remaining allegations of paragraph 22 of the Complaint.

9      7.   In answer to paragraph 23 of the Complaint, CKC admits

10 that Exhibit U to the Complaint is a copy of a paper, W. Diffie and

11 M. Hellman, "New Directions in Cryptography," with the running

12 footer "IEEE Transactions on Information Theory, Vol. IT 22, No. 6,

13 Nov. 1976." CKC denies each of the remaining allegations of

14 paragraph 23 of the Complaint.

15      8.   In answer to paragraph 24 of the Complaint, CKC admits

16 that Exhibit V to the Complaint is a copy of a paper, W. Diffie,

17 "The First Ten Years of Public-Key Cryptography," with the running

18 footer "Proceedings of the IEEE, Vol. 76, No. 5, May 1988," and that

19 the filing date for the application for U.S. Patent No. 4,200,770 is

20 listed as September 6, 1977. CKC denies each of the remaining

21 allegations of paragraph 24 of the Complaint.

22      9.   In answer to paragraphs 25, 26, and 27, inclusive, of the

23 Complaint, CKC denies each and every allegation contained therein.

24     10.   In answer to paragraph 32 of the Complaint, CKC denies all

25 and singular, generally and specifically, each and every allegation

26 contained therein.

27     11.   In answer to paragraph 33 of the Complaint, CKC admits

28 that Exhibit R to the Complaint contains the sentence "These patents

1   cover all known methods of practicing the art of Public Key,

2   including the variations collectively known as El Gamal."  CKC lacks

3   sufficient information or belief upon the subject contained in the

4   remaining allegations and on that basis denies them.

5       12.  In answer to paragraph 34 of the Complaint, CKC admits

6   that Exhibit S to the Complaint is a copy of a letter from PKP.  CKC

7   denies each of the remaining allegations of paragraph 34 of the

8   Complaint.

9       13.  In answer to paragraph 35 of the Complaint, CKC responds

10  that the paragraph does not state allegations of fact which may be

11  admitted or denied.  To the extent that the paragraph sets forth

12  allegations of fact, CKC denies each of the allegations.

13      14.  In answer to paragraph 36 of the Complaint, CKC admits

14  that PKP has stated that an encryption system called "ElGamal"

15  infringes patents to which PKP holds exclusive sublicensing rights.

16  CKC is without knowledge or information sufficient to form a belief

17  as to each of the remaining allegations contained in paragraph 36 of

18  the Complaint, and on that basis denies them.

19      15.  In answer to paragraphs 37, 38, 39, 42, 44 and 49,

20  inclusive, of the Complaint, CKC lacks sufficient information or

21  belief upon the subject contained therein sufficient to enable it to

22  answer any of these allegations and, placing its denial on that

23  ground, denies each and every allegation contained therein.

24      16.  In answer to paragraph 41 of the Complaint, CKC admits

25  that Exhibit W of the Complaint contains the statement "However,

26  there are no mathematical algorithms in the applicants' claims."

27  CKC denies each of the remaining allegations contained in paragraph

28  41 of the Complaint.

CKC's ANSWER AND COUNTERCLAIM
No. CV 94 20512 SW (PVT)

1    17.  In answer to paragraph 45 of the Complaint, CKC admits

2  that Exhibit O to the Complaint is a copy of a letter dated November

3  20, 1991 addressed to the National Institute of Standards and

4  Technology.  CKC is without knowledge or information sufficient to

5  form a belief as to each of the remaining allegations contained in

6  paragraph 45 of the Complaint, and on that basis denies them.

7    18.  In answer to paragraph 46 of the Complaint, CKC admits

8  that Exhibit H contains the statement that "The practice of the DSA

9  is described in the Hellman-Diffie, Hellman-Merkle and Schorr

10  patents . . ."  Except as specifically admitted herein, CKC denies

11  generally and specifically, conjunctively and disjunctively, each

12  and every allegation contained therein.

13    19.  In answer to paragraph 47 of the Complaint, CKC admits

14  that Exhibit AC to the Complaint contains the statement that "RSA .

15  . . PKP . . . have been threatening to sue companies that use DSS,

16  claiming it infringes their patents."  CKC denies each of the

17  remaining allegations contained in paragraph 47.

18    20.  In answer to paragraph 48 of the Complaint, CKC admits

19  that Exhibit AB to the Complaint contains the statement, "PKP has

20  already threatened to sue any private company that implements DSS

21  without a license."  CKC is without knowledge or information

22  sufficient to form a belief as to each of the remaining allegations

23  contained in paragraph 48 of the Complaint, and on that basis denies

24  them.

25                          **AFFIRMATIVE DEFENSES**

26    As a separate and affirmative defense to the Second and Third

27  causes of action in the Complaint, Defendant CKC states as follows:

28

**CKC's ANSWER AND COUNTERCLAIM**
**No. CV 94 20512 SW (PVT)**                          5

1
## FIRST AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

2

3     CKC alleges that the allegations in the Second and Third Causes

4  of Action in the Complaint fail to state a cause of action and/or

5  state a claim for which relief may be granted.

6
## SECOND AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

7

8     CKC alleges that any damages or injuries suffered by Plaintiff

9  were occasioned by his own wrongful actions.

10
## THIRD AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

11

12     CKC acted at all times in good faith and with a reasonable

13  belief that its actions were proper and valid.

14
## FOURTH AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

15

16     Plaintiff's claims are barred by the applicable statute of

17  limitations.

18
## FIFTH AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

19

20     Plaintiff is barred from any recovery on the Complaint herein

21  because CKC was justified and privileged in doing each of the things

22  alleged to have been done, to the extent that such things were done

23  at all.

24
## SIXTH AFFIRMATIVE DEFENSE TO THE
## SECOND AND THIRD CAUSES OF ACTION

25

26     Plaintiff's claims are barred, in whole or in part, by the

27  equitable doctrine of unclean hands, laches, waiver and/or estoppel.

28

CKC's ANSWER AND COUNTERCLAIM
No. CV 94 20512 SW (PVT)

6

**SEVENTH AFFIRMATIVE DEFENSE TO THE**
**SECOND AND THIRD CAUSES OF ACTION**

Plaintiff is barred from any recovery on the Complaint herein because he failed to reasonably mitigate his damages although he had a reasonable opportunity to do so.

**EIGHTH AFFIRMATIVE DEFENSE TO THE**
**SECOND AND THIRD CAUSES OF ACTION**

Plaintiff's claims, and each of them, are barred by the failure to join indispensable parties.

**NINTH AFFIRMATIVE DEFENSE TO THE**
**SECOND AND THIRD CAUSES OF ACTION**

Plaintiff's claims, and each of them, are barred by virtue of the existence of a consent decree.

**COUNTERCLAIM**

1.   United States Letter Patents Nos. 4,218,582 (Hellman-Merkle) and 4,200,770 (Diffie-Hellman) (collectively, the "Stanford Patents") were duly and legally issued to Stanford University or the Board of Trustees of Leland Stanford Junior University. Counterclaimant Plaintiff CKC has exclusive sublicensing rights to said patents.

2.   A present and actual controversy has erupted between CKC and the Counterclaim Defendants respecting the validity and enforceability of the Stanford Patents.  CKC contends that the patents are valid and enforceable.  Counterclaim defendants claim that the patents are invalid and unenforceable, and that they are entitled to practice the inventions claimed in the patents without a license.  Accordingly, a judicial declaration regarding validity and enforceability of the patents is required.

1    WHEREFORE, Defendant and Counterclaimant Plaintiff CKC prays as

2  follows:

3    1.    That Plaintiff take nothing by reason of his complaint;

4    2.    That the Complaint be dismissed with prejudice;

5    3.    That judgment be entered in favor of Defendant CKC, and be

6  awarded cost of suit;

7    4.    That judgment be awarded in favor of CKC and against the

8  counterclaim defendants, and that this Court enter a decree

9  adjudging United States Patents Nos. 4,218,582 and 4,200,700 to be

10  valid and enforceable.

11    5.    Such other and further relief as the Court may deem just

12  and proper.

13    Dated: November 16, 1995

                        MICHAEL M. CARLSON
14                      BRYAN J. WILSON
                        JANA G. GOLD
15                      MORRISON & FOERSTER

16                      PATRICK J. FLINN
                        ALSTON & BIRD
17

18                  By: _____

19                      Michael M. Carlson
                        Attorneys for Intervenor
20                      CARO-KANN CORPORATION

21

22

23

24

25

26

27

28

CKC's ANSWER AND COUNTERCLAIM
No. CV 94 20512 SW (PVT)

## DEMAND FOR JURY TRIAL

1

    Defendant and Counterclaimant Plaintiff CARO-KANN CORPORATION

2

hereby demands a jury trial in this action on all issues triable to

3

a jury.

4

5

    Dated:   November 16, 1995

6

7
                           Michael M. Carlson

8
                           Attorneys for Intervenor
                           CARO-KANN CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CKC's [PROPOSED] ANSWER AND COUNTER CLAIM**
No. CV 94 20512 SW
pa-26168                    9

**PROOF OF SERVICE BY MAIL**
(FRCivP 5(b))

I am employed with the law firm of Morrison & Foerster, whose address is 755 Page Mill Road, Palo Alto, California 94304; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**ANSWER AND COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIM PLAINTIFF CARO-KANN CORPORATION TO FIRST AMENDED COMPLAINT**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster, 755 Page Mill Road, Palo Alto, California 94304, in accordance with Morrison & Foerster's ordinary business practices:

**James R. Busselle, Esq.**
**Thomas E. Moore III, Esq.**
**Tomlinson, Zisko, Morosoli & Maser**
**200 Page Mill Road**
**Palo Alto, CA 94306**

**Thomas R. Hogan, Esq.**
**Law Offices of Thomas R. Hogan**
**60 South Market Street, Suite 1125**
**San Jose, CA 95113-2332**

**Roger Schlafly**
**P.O. Box 1680**
**Soquel, CA 95073**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Palo Alto, California, on November 16, 1995.

_____Frances Macias Sagapolu_____          _____
              (typed)                                              (signature)