Pages 1-11                    **ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SPENCER WILLIAMS, SENIOR JUDGE


ROGER SCHLAFLY,                    )
                                   )
          Plaintiff,               ) Case No.  C-94-20512-SW
                                   )
     vs.                           )                    **FILED**
                                   )
PUBLIC KEY PARTNERS, et al.,       )
                                   )                    FEB 16 1996
          Defendants.              )
_____   )        RICHARD W. WIEKING
                                            CLERK, U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
                                            SAN JOSE
                          February 14, 1996
                          San Jose, California

          Reporter's Transcript of Proceedings

APPEARANCES

For the Plaintiff              Dr. Roger Schlafly, In Pro Per
                               P.O. Box 1680
                               Soquel, California  95073

For the Defendant             Law Offices of Thomas R. Hogan
Public Key Parterns            Thomas R. Hogan, Attorney at Law
                               60 South Market Street, Suite 1125
                               San Jose, California  95113

For the Defendant             Tomlinson, Zisko, Morosoli & Maser
RSA Data Security, Inc.        Thomas E. Moore, III,
                               Attorney at Law
                               200 Page Mill Road, Second Floor
                               Palo Alto, California  94306

Reported By                    Lee-Anne Shortridge
                               Certified Shorthand Reporter #9595

          Appearances Continued on Next Page

          Computerized Transcription by StenoCat

1    APPEARANCES CON'T

2    For the Intervenor          Law Offices of Morrison & Foerster
     Caro-Kann                   Jana G. Gold, Attorney at Law
3                                755 Page Mill Road
                                 Palo Alto, California   94304
4
                                 Law Offices of Alston & Bird
5                                Patrick J. Flinn, Attorney at Law
                                 One Atlantic Center
6                                1201 West Peachtree Street
                                 Atlanta, Georgia   30309
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    Wednesday, February 14, 1996

2              THE CLERK:  Civil matter C-94-20512-SW, Roger

3    Schlafly versus Public Key Partners, et al, on for RSA's motion

4    to dismiss declaratory relief counter-claim.

5              Will the parties make your appearances, please?

6              MR. MOORE:  Good morning, Your Honor.  Tom Moore

7    appearing on behalf of Defendant RSA, the moving party this

8    morning.

9              THE COURT:  Mr. Moore, okay.

10             MR. SCHLAFLY:  Good morning, Your Honor.  Roger

11   Schlafly, the plaintiff.

12             THE COURT:  Mr. Schlafly.  How are you today?

13             MS. GOLD:  Good morning, Your Honor.  I'm Jana

14   Gold, and this is my colleague, Karl Kramer, for sigh lack and

15   Caro-Kann.

16             MR. KRAMER:  Karl Kramer also of Morrison and

17   Foerster.

18             MR. HASLAM:  Robert Haslam for RSA.  I represent RSA

19   in the RSA versus the CKC case which was pending previously

20   before Judge Ware.

21             MR. HOGAN:  Good morning, Your Honor.  Thomas R.

22   Hogan representing the defendant and cross-claimant, PKP.

23             THE COURT:  Okay.  Now, we have a lot of initials

24   running around here.  Caro-Kann Corporation is CKC, Public Key

25   Partners is PKP.  What's RSA stand for?  Is that a name?  Or

1   just initials?

2             MR. MOORE:  They are the initials of the three

3   inventors of what we refer to as the MIT patent.

4             THE COURT:  They're just called RSA?

5             MR. MOORE:  Just RSA, that's correct, Your Honor.

6             THE COURT:  Okay.  Mr. Schlafly, do you have

7   initials I could use, or should I use your name?

8             MR. SCHLAFLY:  My initals are RS, so there'd be a

9   little confusion if you use that.

10            THE COURT:  The main issue before us today is the

11  consolidation, the two issues on the Stanford patents.  I don't

12  seen any point in having it litigated twice, and since I have

13  the low number, I talked to Judge Orrick and it was decided to

14  have me consolidate the cases.

15            I think we can do so as far as I'm concerned without

16  spending any more time, and we have a motion for preliminary

17  injunction.  I have several cases that suggest that, but it was

18  a fact, and I think consolidating them will save everybody time

19  and trouble to get that issue tried first and maybe the other

20  side will resolve.

21            Any comments or questions?

22            MR. HASLAM:  I understood that Your Honor was going

23  to relate the cases.  When you're talking about consolidation,

24  are you talking about consolidating for all purposes at this

25  time, discovery and --

1          THE COURT:  It may be also efficient to do that, but

2    certainly to relate -- normally when it's one case, they are

3    tried together or in sequence, but I've got both cases.  It's

4    tried as consolidated.  Both cases are now assigned to me, so

5    how we work it out is something we can talk about.

6          MR. HASLAM:  That's what I understand, that since

7    the issues don't overlap entirely --

8          THE COURT:  To the extent we can resolve the patent

9    validity first, that'll get a lot of the stuff out of the way,

10   and then we can see how to handle the rest of it.

11         MR. HASLAM:  I agree.

12         THE COURT:  I got a faxed letter from Morrison &

13   Foerster.  We doesn't normally except faxes, but anyhow, I guess

14   you had an early date on February 22nd appearing before me.

15         MS. GOLD:  Yes, Your Honor, we did.  And the reason

16   we sent the fax was we got notice on Friday that this --

17         THE COURT:  I have two dates.  Have we talked about

18   those yet?

19         MS. GOLD:  No.

20         THE COURT:  February 28th or March 13th?

21         MS. GOLD:  February 28th would be preferable for us,

22   for Caro-Kann, because we'd like to get this heard as quickly as

23   possible.

24         THE COURT:  Mr. Schlafly?

25         MR. SCHLAFLY:  I'm agreeable to that.

1          THE COURT:  Pardon me?  Any problem with that?

2          MR. SCHLAFLY:  That date is fine with me.

3          MR. HASLAM:  The 28th is fine.  There were three

4  motions which were all going to be heard.  They're all related.

5  There's the preliminary injunction and there were cross motions

6  for summary judgment.  Those would all be heard on the 28th?

7          THE COURT:  Right.

8          MR. HASLAM:  Thank you.

9          MS. GOLD:  Your Honor, there's one minor issue.

10 Caro-Kann was going to ask for permission to file a reply to won

11 of the motions for summary judgment.  It was brought as a

12 cross-motion.  Some events have occurred since the briefing that

13 we would like to address and reply to.  We filed our motion for

14 summary judgment as a cross motion, RSA has filed an opposition,

15 and the reply will be no more than it ten pages I suspect.

16          THE COURT:  Today is the 14th.

17          MR. SCHLAFLY:  So we would be out of time, but we

18 would be able to file that by Monday.

19          THE COURT:  How many pages?

20          MS. GOLD:  It would be less than ten.

21          THE COURT:  Any opposition to that?

22 You could file it Monday?

23          MS. GOLD:  Yes.

24          THE COURT:  Then we could have a response by?

25          MS. GOLD:  Well, this would be a reply.

1    THE COURT:  Any response to that, they'd also have

2    to file opposition.

3    MR. HASLAM:  To the extent that the reply is going

4    to raise matters in the briefing, it seems to me appropriate

5    that we could have a short reply.

6    MS. GOLD:  Actually, Your Honor, it's going to reply

7    to issues that were raised in RSA's opposition, so there

8    shouldn't be any need --

9    THE COURT:  If they wish to reply, they can do so.

10   If you want to reply --

11   MS. GOLD:  So we can file a reply on Monday?

12   THE COURT:  Yes.  And how much time would you like?

13   MR. HASLAM:  If we get it on Monday, that's -- we

14   can file on Thursday.

15   THE COURT:  Okay.

16   MS. GOLD:  Thank you, Your Honor.

17   MR. SCHLAFLY:  Your Honor, while everyone is getting

18   their two cents in --

19   THE COURT:  Sure.

20   MR. SCHLAFLY:  I'm not --

21   THE COURT:  It's worth more than two cents though.

22   MR. SCHLAFLY:  I'm not a party to the other, this

23   other case, and so I haven't even read all of those papers.  So

24   I would like an opportunity to read and reply to those papers as

25   well, at least to the extent that might influence a decision

1     that becomes binding on me.

2           THE COURT: I think that makes sense. How much time

3     do you need? It's not going to affect the date, is it?

4           MR. SCHLAFLY: I can do it quickly.

5           THE COURT: Okay. Any response? I guess none.

6           MS. GOLD: It's not -- I don't see how the

7     preliminary injunction is going to effect Mr. Schlafly. It's

8     brought against RSA.

9           We're happy to share the papers with him. RSA has

10    filed some papers under seal, and so have we, but they're

11    related to the merits of the preliminary injunction.

12          THE COURT: The other issues in the case that would

13    effect him.

14          MS. GOLD: No. I agree. I just wanted to clarify

15    that we don't think it should delay our preliminary injunction.

16          MR. HASLAM: On behalf of RSA, we don't have any

17    opposition since the court issues, the court will have to deal

18    with the patent infringement.

19          THE COURT: Read the papers by Friday, indicate what

20    issues you're concerned about, if any, and then I'll give you

21    until the following Friday to get something in writing with more

22    detail in your opposition, just the subject matter, so they can

23    know where you think there's a problem.

24          MR. SCHLAFLY: Okay. This Friday do you want me to

25    issue something in writing that indicates --

1          THE COURT:  Just indicate the subject matter, the

2    areas where maybe you have something you want to talk about.

3          MR. SCHLAFLY:  I can tell you that right now.  It

4    would be validity of the Stanford patents, the validity issue.

5          THE COURT:  Any particular aspect of it that you

6    want to concentrate on after you see the papers, you'll know

7    that, right, after you see the papers?  You'll be able to see if

8    there's something you want to raise on the validity issue?

9          MR. SCHLAFLY:  Right.  It may be there are no new

10   issues, but there might be some.

11         THE COURT:  On Friday let us know if you wish to

12   address some of the validity issues yourself and what they are,

13   and I'll give you a week to get the specifics to them.

14         MR. SCHLAFLY:  You want me to let them know on

15   Friday?

16         THE COURT:  Let them know the subject matter, and

17   then the following Friday, they'll get the substance of it.

18         MR. SCHLAFLY:  And I don't have to let you know?

19         THE COURT:  We should get copies, yes.

20         MR. SCHLAFLY:  Okay.  I haven't got some of the

21   papers.  They'll have to supply me with all the papers, so

22   assuming these guys can do that quickly --

23         MR. MOORE:  One minor housekeeping matter in that

24   regard, Your Honor, which is why I'm standing up now, and that

25   is that there are two separate protective orders with very much

1    different terms in the two cases.

2              I think so long as Mr. Schlafly agrees he is bound

3    by his protective order in the one with respect to the

4    confidentiality of the papers filed under seal, I don't see

5    there's a problem otherwise.

6              THE COURT:  Each case is separately covered by a

7    protective order?

8              MR. MOORE:  That's right, but because Mr. Schlafly

9    is In Pro Per, there is actually a classification of

10   confidential documents in the Schlafly matter that he does not

11   get to see.  A consultant that he hires may see those papers,

12   but he does not get to see them.

13             It doesn't effect the pending motion because none of

14   the matters submitted on the motion in what was formerly the

15   Judge Orrick case are that higher level of confidentiality, so

16   he can see those papers, he just has to treat them as

17   confidential.  That's all I'm really saying.

18             THE COURT:  You don't mind him seeing them, as long

19   as he treats them as confidential?

20             MR. MOORE:  That's right.

21             THE COURT:  Any problem with that?

22             MR. SCHLAFLY:  No.

23             MR. MOORE:  Thank you, Your Honor.

24             THE COURT:  Anything else?  Okay.  We'll call the

25   next case and we'll see you on the 28th.  All right.

1       MR. SCHLAFLY:  February 28th?

2       THE COURT:  February 28th at 10:00 o'clock.

3       MR. SCHLAFLY:  San Jose?

4       THE COURT:  Here on calendar.  Are you all from San

5  Francisco?

6       MR. MOORE:  Most of us are from Palo Alto.

7       THE COURT:  Okay.  We'll be here.

8       MR. SCHLAFLY:  The 28th, 10:00 a.m., San Jose.

9       THE CLERK:  Yes.

10       MR. SCHLAFLY:  Thank you.

11       (Proceedings concluded.)

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SANTA CLARA  )


        I, the undersigned, a Certified Shorthand Reporter of
the State of California, hereby certify that the above
proceedings were held at the time and place herein stated; that
the statements by Counsel, The Court and other parties were
reported by me, a Certified Shorthand Reporter and disinterested
person, and were thereafter transcribed under my direction into
typewriting, and that the foregoing is a full, complete and true
record of said proceedings.


        I further certify that I am not of counsel or attorney
for either or any of the parties in the foregoing proceedings
and caption named, nor am I in any way interested in the outcome
of the cause named in said caption.


        IN WITNESS WHEREOF, I have hereunto set my hand this
15th day of February 1996.



                        LEE-ANNE SHORTRIDGE, CSR #9595