ORIGINAL            ORIGINAL

1  KARL J. KRAMER (No. 136433)
   JANA G. GOLD (No. 154246)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: (415)813-5600
4
   RAOUL D. KENNEDY (No. 40892)
5  MORRISON & FOERSTER LLP
   345 California Street
6  San Francisco, California 94104-2675
   Telephone:  (415) 677-7000
7
   PATRICK J. FLINN (No. 104423)
8  ALSTON & BIRD
   One Atlantic Center
9  1201 W. Peachtree Street
   Atlanta, Georgia 30306
10 Telephone: (404)881-7000

11 Attorneys for Defendants/Counter-
   Claimants CYLINK CORPORATION, CARO-KANN
12 CORPORATION and STANFORD UNIVERSITY

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15

16 ROGER SCHLAFLY,                          No.  C-94-20512 SW

17                Plaintiff,                DEFENDANTS' MOTION FOR
                                            SUMMARY JUDGMENT AGAINST
18      v.                                  MR. SCHLAFLY'S INVALIDITY
                                            CLAIMS REGARDING THE
19 PUBLIC KEY PARTNERS AND RSA DATA         STANFORD PATENT
   SECURITY, INC.,
20
                  Defendants,
21
                                            No.  C-96-20094 SW
22 RSA DATA SECURITY, INC.,

23                Plaintiff,                Date: September 4, 1996
                                            Time: 10:00 a.m.
24      v.                                  Courtroom:  4

25 CYLINK CORPORATION and CARO-KANN         Hon. Spencer Williams
   CORPORATION, et al.
26
                  Defendants.
27

28

FILED
JUL 3 1 1996
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1 **NOTICE OF MOTION AND MOTION**

2   Please take notice that on September 4, 1996, at 10:00 a.m. or
3 as soon thereafter as the matter may be heard, defendants and
4 counter-claimants Cylink Corporation ("Cylink"), Caro-Kann
5 Corporation ("Caro-Kann") and The Board of Trustees of the Leland
6 Stanford Junior University ("Stanford") (collectively "defendants")
7 will move, and hereby do move, for summary judgment that Mr.
8 Schlafly cannot carry his burden of proving with clear and
9 convincing evidence that the claims of U.S. Patent Nos. 4,218,582
10 (the "Hellman-Merkle Patent") and 4,200,770 (the "Diffie-Hellman
11 Patent") are invalid.

12 **MEMORANDUM OF POINTS AND AUTHORITIES**

13   On October 5, 1995, Mr. Schlafly filed a motion for partial
14 summary judgment asserting invalidity of the two patents in suit
15 based upon several grounds. On November 15, 1995, Caro-Kann
16 Corporation filed a cross motion for summary judgment on those same
17 grounds. Defendants have filed this motion to move for summary
18 judgment of any other ground that Mr. Schlafly may have for alleging
19 that any of the claims of the Hellman-Merkle Patent or Diffie-
20 Hellman Patent are invalid. Thus, defendants do not seek to reopen
21 or supplement the prior briefing on the grounds of invalidity
22 already advanced and attacked by the parties.

23   The United States Patent Office considered and granted the
24 Hellman-Merkle and Diffie-Hellman Patents. [Exhs. 1 and 2 hereto]
25 Stanford University is the assignee of the two patents. [Id.]
26 Caro-Kann Corporation, a wholly owned subsidiary of Cylink
27 Corporation, is the exclusive licensee of the patents in suit.
28 [Exh. 3 hereto]

1  The patents in suit are presumed as a matter of law to be
2  valid. 35 U.S.C. § 282. To overcome this presumption, Mr. Schlafly
3  carries the burden of proving invalidity by clear and convincing
4  evidence. See, e.g., <u>American Hoist & Derrick Co. v. Sowa & Sons,</u>
5  <u>Inc.</u>, 725 F.2d 1350, 1360 (Fed. Cir.), <u>cert. denied</u>, 469 U.S. 821,
6  105 S.Ct. 95, 83 L. Ed. 2d 41 (1984). Moreover, on summary judgment
7  the patentee has "no obligation to introduce any evidence initially
8  on validity." <u>Avia Group Int'l, Inc. v. L.A. Gear California, Inc.</u>,
9  853 F.2d 1557, 1562 (Fed. Cir. 1988). Because Mr. Schlafly carries
10 the burden of proof, his failure to point to a genuinely disputed
11 issue of material fact in opposition to the previous motion or this
12 one will require entry of summary judgment in favor of the
13 defendants. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S.
14 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); <u>Avia</u>
15 <u>Group</u>, 853 F.2d at 1562 (affirming summary judgment that defendant
16 failed to prove patent invalidity).

17 Mr. Schlafly can point to no genuinely disputed issues of
18 material fact that support his invalidity claims. Summary judgment
19 should therefore be entered against his claims and in favor of the
20 defendants.

21 Dated: July 31, 1996

MORRISON & FOERSTER LLP
ALSTON & BIRD

By: _____
    Karl J. Kramer

Attorneys for Defendants/
Counter-Claimants CYLINK
CORPORATION, CARO-KANN
CORPORATION and STANFORD
UNIVERSITY