Roger Schlafly, Pro Se
PO Box 1680
Soquel, CA  95073
telephone: (408) 476-3550

FILED

AUG 06 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In the United States District Court
for the Northern District of California

ROGER SCHLAFLY, Plaintiff ) Case C-94-20512 SW PVT
  v. )
PUBLIC KEY PARTNERS, and ) Summary Judgment Validity
RSA DATA SECURITY INC., Defendants. ) Motion Opposition
  )
  and )
  )
RSA DATA SECURITY INC., Plaintiff ) Case C-96-20094 SW PVT
  v. )
Cylink, Caro-Kann, and Stanford ) Sept. 4, 1996

Schlafly opposes Cylink's three recent motions for summary judgment on the validity of the Stanford patents. They raise no new issues, and only interfere with our schedule.

## Case history

Last year, Schlafly filed a motion to invalidate the Diffie-Hellman, Hellman-Merkle, MIT, and Schnorr patents. Cylink filed a motion to have the Stanford patents declared valid. There was a hearing on Dec. 6, 1995. The Court has not explicitly ruled on either motion.

SUM JUDG VALID MOT OPPOS                                          page 1

In its later denial of a Cylink motion for preliminary injunction, the Court implied that it needs to see more evidence to decide validity of the Stanford patents. Cylink then lobbied for a quick hearing on claim construction, followed by a trial. But now Cylink argues that there are virtually no claim construction issues under dispute, and no material facts under dispute, so the patents should be found valid by summary judgment.

Cylink's motions

On the eve of the Stanford patent hearings, Cylink now makes three motions, two to rehash validity arguments already made, and one to foreclose Schlafly from making additional arguments.

Cylink's memos are such nonsense, that it is hard to see what it is trying to accomplish. Is it trying to squirm out of the trial it just asked for? Does it think that just because there are two plaintiffs, it gets two shots at every argument? Is this a plan to overload the RSADSI lawyers who have vacations planned this month? Is it hoping that the Court forgot the flaws in Cylink's arguments?

Cylink says it does not seek to reopen old pending issues, but then proceeds to do exactly that. It says that patents are presumed valid by law, but then fails to explain why it needs this Court to say that the Stanford patents are presumed valid. It says that it need not introduce evidence, and then files hundreds of

SUM JUDG VALID MOT OPPOS                                      page 2

pages of documents. It says that there are no material facts in dispute, but does not (yet) supply a joint statement of undisputed facts. It asked for a Markman hearing and a validity trial, but then pretends that these are unnecessary.

## Bad timing

Cylink's timing is unusual, if not downright disruptive. We have a Markman hearing starting on Sept. 4, to be followed by a speedy trial on the validity issues. The whole purpose of the Markman hearing is to narrow the legal issues involved. Cylink ought to be willing to wait for that resolution, and then argue for summary judgment based on the Court's claim construction.

## Issues already briefed

Cylink's motion rehashes arguments already briefed. It duplicates arguments made against my motion for partial summary judgment, and in its own motions for patent validity and preliminary injunction. RSADSI and I have already answered them.

In particular, Cylink's argument that "enablement is tested as of the patent filing date" is rebutted by my briefs filed for the Dec. 6, 1995 and Feb. 29, 1996 hearings. Cylink ignores In re Wright, 999 F.2d 1557, 27 USPQ2d 1510 (Fed Cir 1993), which is more recent and on point than its citations. Even Cylink's own citations do not support its positions, and I hope the Court reads them. For example, Cylink relies heavily on In re Hogan 559 F.2d

SUM JUDG VALID MOT OPPOS                                              page 3

595 (CCPA 1997), quoting it as "enablement was established for all time ...". The full sentence includes the phrase "considering all available evidence (whenever that evidence became available)". There was no debate over whether the Hogan patent enabled one to make the claimed invention, but rather whether the breadth of the claims was commensurate with the specification, an entirely different issue. (See also US Steel v. Philips, 865 F.2d 1247 (Fed Cir 1989) where the same issue was raised in litigation of the Hogan patent. The analogous issue in our case would be for RSADSI to argue that Hellman-Merkle's broad claims should not cover the RSA invention because the specification does not anticipate RSA. Then Cylink could reasonably cite Hogan in rebuttal.) A full reading actually weighs in favor of admitting evidence about the breaking of the trapdoor knapsack. Evidence of non-enablement is relevant "whenever that evidence became available".

Likewise, Cylink's "printed publication" arguments have also been rebutted. Cylink cites a list of cases that upheld patents under 35 USC 102(b) challenges, but not one of them involved an enabling disclosure to the public before the critical date. For example, the oral disclosure in Howmedica was not enabling, and the documents in Northern Telecom were marked "not for public release".

## Cylink violates the spirit of case consolidation order

The Court consolidated the Schlafly and RSADSI challenges to the Stanford patents for the obvious judicial efficiency of having a unified trial on the validity. But Cylink attempts to divide the plaintiffs by directing one motion at Schlafly, and two motions at RSADSI. The apparent purpose of this maneuver is to repeat arguments against RSADSI which did not fly when they were made against Schlafly. Cylink should wait for the consolidated trial to argue validity.

I can understand Cylink's impatience with the progress of this case. I would like to see it moving faster myself. But I did not think it was proper to just keep filing the same summary judgment motions over and over.

Our agreed-upon plan of action is to decide claim construction, and then validity. The Markman decision permits doing it the other way around, at the discretion of the judge, but that is not what Cylink proposed, and that is not what we all agreed to.

## Declaration of validity is meaningless

Patents are presumed valid, as a matter law. We do not need an order from the Court to affirm 35 USC 282. Plaintiffs have a challenge to the patents waiting to be tried. It is totally meaningless for the Court to declare them valid while we are waiting for trial.

Argument foreclosure attempt

Cylink's motion against Schlafly attempts to foreclose Schlafly from making any additional invalidity arguments. No justification is given.

Schlafly acknowledges that he has already put his best arguments forward. It would be very strange to shut the door on invalidity arguments on the eve of a Markman hearing. I have based my arguments on what I believe to be the proper claim construction of the patents, but if the Court adopts a different claim construction, then it may bring other invalidity arguments into play. Cylink has not even presented its claim construction yet. It is entirely possible, and maybe even likely, that I will attack Cylink's claim construction as indefinite, overbroad, or both. If Cylink prevails with its claim construction, then I will want to modify my invalidity arguments accordingly.

Cylink's maneuver implies that I am under some sort of requirement to put forward all of my invalidity arguments right now. I believe this is incorrect as a matter of law. I have a motion for summary judgment pending. In that motion, I obviously made my best arguments, but there is no necessity to make all of my arguments. If and when that motion gets shot down, I am entitled to introduce new evidence or make new arguments. Cylink cannot presume otherwise, and certainly cannot get a "summary judgment", the only effect of which would be to limit my evidence and arguments in the upcoming trial to that which I presented in my

Dec. 6, 1995 motion.

I do not wish to give the impression that I am trying to hold back evidence or arguments. Actually, I revealed all of my evidence and arguments in my complaint over two years ago. Some additional evidence has trickled in, and I have always made it promptly available. If Cylink wants to ask for an early discovery cutoff and trial date, then I am all in favor of it as long as it is binding on all the parties. But Cylink is trying to use a summary judgment motion as a mechanism for freezing my legal position without freezing the other parties, and that is not what summary judgment motions are for.

Facts in dispute

I am happy to hear that Cylink says that no facts are in dispute -- but if this were true, why are we having a trial? I will confer with Cylink to prepare a joint statement of undisputed facts. I will propose the following facts, each of which has solid and unrebutted evidence on the record. If these do not show up in a joint statement (with perhaps some descriptive qualifiers), then you will know that they are disputed.

* The August preprint was enabling.

* Each of the three oral disclosures was enabling.

* The August preprint was distributed in August 1976.

* None of the early disclosures had an explicit confidentiality condition, except the IEEE journal submission.

* The trapdoor knapsack has been broken.

* The patent disclosures do not enable signatures.

If Cylink disputes these facts, then I suspect we will have to make a determination at trial.

Conclusion

Cylink's motions contribute nothing to an orderly resolution of the issues. Schlafly requests that the Court deny the motions, and proceed with a Markman hearing on Sept. 4 and a validity trial this fall. At best, Cylink's papers just give a statement of where it stands on the Stanford patents, and remind us that it is anxious about its patents expiring.

Dated: Aug 5, 1996

By: _____

Plaintiff, Roger Schlafly, Pro Se

CERTIFICATE OF SERVICE
=====================

Schlafly v. Public Key Partners and RSA Data Security Inc.
Case No. C-94-20512-SW, (PVT).
Filed on July 27, 1994, San Jose, Calif.

The undersigned hereby certifies that he caused a copy of:

Summary Judgment Validity Motion Opposition

to be served this date by First Class Mail upon the persons at the place and address stated below which is the last known address:

Thomas R. Hogan
60 S Market St Ste 1125
San Jose, CA 95113

Thomas E. Moore
Tomlinson et al
200 Page Mill Rd
Palo Alto, CA 94306

Jana G. Gold
Morrison et al
755 Page Mill Rd
Palo Alto, CA 94304

Robert D. Fram
Heller et al
525 University Ave
Palo Alto, CA 94301

and to be emailed to the following:

Patrick Flinn, pflinn@alston.com
Jana Gold, jgold@mofo.com
Julie Mar-Spinola, jmarspinola@hewm.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Soquel, Calif. at the date below.

Dated: Aug 5, 1996

By: _____

Plaintiff, Roger Schlafly, Pro Se