FILED

SEP 10   4 45 PM '96

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Roger Schlafly, Pro Se
PO Box 1680
Soquel, CA   95073
telephone: (408) 476-3550

In the United States District Court
for the Northern District of California

| | |
|---|---|
| ROGER SCHLAFLY, Plaintiff<br>v.<br>PUBLIC KEY PARTNERS, and<br>RSA DATA SECURITY INC., Defendants.<br><br>and<br><br>RSA DATA SECURITY INC., Plaintiff<br>v.<br>Cylink, Caro-Kann, and Stanford | Case C-94-20512 SW PVT<br><br>Proposed Jury Instructions<br>on Stanford Patents<br><br><br><br>Case C-~~96-20094~~ SW PVT<br><br>Sept. 30, 1996 |

The parties have agreed to submit proposed jury instructions to the Court, for argument at the Markman hearing.

Here are my set of proposed instructions. It is somewhat broader than I expect will actually be given to the jury, because I am not sure exactly how much the Court is going to narrow these issues in the Markman hearing.

Patent Law

A patent specification must enable someone of ordinary skill in the art to practice the invention without undue experimentation. It must also describe the best mode known to the inventors.

For a patent claim to be valid, the specification must enable at least one embodiment which satisfies every element of the claim.

The scope of a patent claim is limited by each element in the claim. Generic elements are limited by the disclosed embodiments and their equivalents.

Patent claims must be sufficently definite to clearly define the set of infringing products.

Patent claims must be defined and interpreted in a way which is independent of world knowledge or the state of scientific progress.

Patent claims must be interpreted objectively, and not based on the limited knowledge of the examiner or inventors.

Two products may be considered equivalent for patent purposes if they perform substantially the same function, in substantially the same way, to obtain substantially the same result.

## Definitions

A "key" is a digitally-encoded number which is used as a control parameter in an encryption or decryption algorithm.

A "key generator" is a device for generating a new key, not for recovering a key that another party has already generated.

"Public key" means a key which is meant to be publicly disclosed to potential adversaries with large resources without ruining the promised security. The identification of associated cryptographic algorithms is implied.

"Secure" means impossible or impractical for an adversary to decrypt intercepted messages. The adversary is assumed to have access to passive interception of ciphertext, large but bounded computational capacity, and the public keys of the parties.

A function is "feasible" if it is possible for someone to discover an algorithm which can be executed in a practical way on ordinary computer equipment.

"Computationally infeasible" requires a number of operations (or memory capacity) on an idealized model computer which is too large to be practically executed. The model computer is not too different from real computers. Such numbers mentioned by the inventors are $2^{100}$ or $10^{30}$. Infeasible is the opposite of feasible.

Use of "existing computational methods and equipment" refers to computer hardware, but not to hypothetical software programs.

An essential object of public key cryptography is "demonstrably infeasible cryptanalytic time".

"Infeasible to invert" means computationally infeasible to find an inverse operation.

Dated: Sept 9, 1996

By: /s/

Plaintiff, Roger Schlafly, Pro Se

JURY INSTRUCT                                                    page 4