Roger Schlafly, Pro Se
PO Box 1680
Soquel, CA  95073
telephone: (408) 476-3550

FILED
SEP 23  1 45 PM '96
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

In the United States District Court
for the Northern District of California

ROGER SCHLAFLY, Plaintiff         ) Case C-94-20512 SW PVT
     v.                           )
PUBLIC KEY PARTNERS, and          ) Opposition to Defendant
RSA DATA SECURITY INC., Defendants.) Motions to Exclude
                                  )
     and                          )
                                  )
RSA DATA SECURITY INC., Plaintiff ) Case C-96-20094 SW PVT
     v.                           )
Cylink, Caro-Kann, and Stanford   )

Defendant Cylink has filed two expedited motions to exclude certain expert testimony from the upcoming Markman hearing.  I partially agree and partially disagree, for the reasons listed below.

OPPOS DEF MOT EXCLUDE                                    page 1

The role of legal experts in patent cases has been reduced by recent Federal Circuit opinions, as correctly pointed out by Cylink. This Court could, at its option, appoint a special expert or master under FREvid 706 or FRCivP 53. No party has so asked this Court to do so, and this Court has shown no such inclination. I would not suggest it, because I do not think it is necessary. The issue raised by Cylink is whether the parties can bring in their own legal experts as useful witnesses.

Regarding RSADSI's patent law expert, Mr. Robert Harmon, I wholeheartedly agree that his testimony should be excluded. We have enough lawyers on this case already. Cylink and RSADSI are each spending hundreds of thousands of dollars on this case, and have hired top-notch Palo Alto law firms. Of course, they are litigators and not patent lawyers, so they might be in a little over their heads, but I am sure that their budgets for this case are sufficient to farm out some brief-writing, if necessary. But once they figure out what their legal arguments are, the appropriate way to make those arguments is as lawyers, not as witnesses.

Furthermore, Mr. Harmon has admitted his incompetence in connection with the Stanford patents. I did not attend the deposition in Reno, but the transcript shows that he has no understanding of the Stanford inventions, no expertise in the field, and only a limited ability to do a claim analysis. I do not see how his testimony could be of any use at all.

I therefore support Cylink's motion to exclude Harmon.

The other RSADSI expert witnesses, Dr. Alan Konheim and Mr. Stephen Dusse, can usefully illuminate some technical issues. Both have expertise in cryptography. But neither has any expertise in patent law or claim construction. At the depositions, both admitted a lack of legal expertise. Even more troubling, both refused to answer some questions related to claim analysis. I do not think we should have expert witnesses who refuse to answer pertinent questions.

While I side with RSADSI in attacking the Stanford patents, I believe that RSADSI's expert claim construction is flawed, and I would rather disassociate myself from it. I would actually prefer if Konheim and Dusse avoided taking expert positions on legal claim construction, because I fear that they will be discredited if they do.

I therefore support Cylink's motion to restrict Konheim and Dusse from offering expert testimony on legal issues.

As for myself, I am naturally opposed to any motion to exclude my testimony. I happen to think I am competent to do a claim analysis. However, it is a moot point. Being a party in the case, I am entitled to make whatever legal arguments I please anyway. The only net effect of Cylink's motion on me is that I would have to step down from the witness stand before drawing legal conclusions. Ok, I can live with that. I do not think that this Court is going to accept my legal conclusions just because I say

them anyway.

I do not think this Court should exclude all extrinsic evidence, though. Consider these two issues, for example:

(1) The term "computationally infeasible" is used in the patents in a critical way. At issue for trial is whether the Hellman-Merkle patent discloses an embodiment meeting this condition. The Markman hearing will have to define this term rather precisely, so that the later validity arguments will make sense. Fortunately, the term is defined in the patent, but some understanding of computer complexity theory is required.

(2) The Stanford patents cite the inventors' paper "Multiuser Cryptographic Techniques" as prior art. They evidently intended to claim something other than that disclosed in that paper. Some understanding of that paper is necessary to appreciate the difference.

I expect that the tutorial will cover these issues, but the tutorial will be unsworn (as far as I know) and will not create the necessary evidentiary record. Therefore, I believe that technical experts can be useful at the Markman hearing.

Dated: Sept 20, 1996

By: /s/

Plaintiff, Roger Schlafly, Pro Se

## CERTIFICATE OF SERVICE

Schlafly v. Public Key Partners and RSA Data Security Inc.
Case No. C-94-20512-SW, (PVT).
Filed on July 27, 1994, San Jose, Calif.

The undersigned hereby certifies that he caused a copy of:

    Opposition to Defendant Motions to Exclude

to be served this date by First Class Mail upon the persons at the place and address stated below which is the last known address:

    Thomas R. Hogan
    60 S Market St Ste 1125
    San Jose, CA 95113

    Thomas E. Moore
    Tomlinson et al
    200 Page Mill Rd
    Palo Alto, CA 94306

    Jana G. Gold
    Morrison et al
    755 Page Mill Rd
    Palo Alto, CA 94304

    Robert D. Fram
    Heller et al
    525 University Ave
    Palo Alto, CA 94301

and to be emailed to the following:

    Patrick Flinn, pflinn@alston.com
    Jana Gold, jgold@mofo.com
    Karl J. Kramer, kkramer@mofo.com
    Robert Haslam, rhaslam@hewm.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Soquel, Calif. at the date below.

Dated: Sept 20, 1996

By: _____

Plaintiff, Roger Schlafly, Pro Se