ORIGINAL

FILED

SEP 24  3 34 PM '96

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

1  KARL J. KRAMER (No. 136433)
   JANA G. GOLD (No. 154246)
2  SHERMAN W. KAHN (No. 168924)
   MORRISON & FOERSTER LLP
3  755 Page Mill Road
   Palo Alto, California  94304-1018
4  Telephone: (415) 813-5600

5  RAOUL D. KENNEDY (No. 40892)
   MORRISON & FOERSTER LLP
6  345 California Street
   San Francisco, California 94104-2675
7  Telephone:  (415) 677-7000

8  PATRICK J. FLINN (No. 104423)
   ALSTON & BIRD
9  One Atlantic Center
   1201 W. Peachtree Street
10 Atlanta, Georgia 30306
   Telephone: (404) 881-7000
11
   Attorneys for Defendants/Counter-
12 Claimants CYLINK, CARO-KANN CORPORATION
   AND THE BOARD OF TRUSTEES OF THE
13 LELAND STANFORD JUNIOR UNIVERSITY

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16
   ROGER SCHLAFLY,                        No.  C-94-20512 SW
17
                  Plaintiff,              OBJECTIONS OF STANFORD
18                                        UNIVERSITY, CYLINK AND CARO-
        v.                                KANN TO THE PROPOSED JURY
19                                        INSTRUCTIONS ON CLAIM
   PUBLIC KEY PARTNERS AND RSA DATA       CONSTRUCTION OF RSA DATA
20 SECURITY, INC.,                        SECURITY, INC.

21                Defendants,             Date:  October 1, 1996
                                          Time:  10:00 a.m.
22 ─────────────────────────────────      Judge: Hon. Spencer Williams

23 RSA DATA SECURITY, INC.,               No.   C-96-20094 SW

24                Plaintiff,

25      v.

26 CYLINK CORPORATION and CARO-KANN
   CORPORATION, et al.
27
                  Defendants.
28

CYLINK'S OBJECTIONS TO RSA'S PROPOSED
JURY INSTRUCTIONS ON CLAIM CONSTRUCTION
C-96-20094 SW

Pursuant to this Court's Order, defendants and counter-claimants, Cylink Corporation, Caro-Kann Corporation and The Board of Trustees of the Leland Stanford Junior University, hereby file the following objections to the Proposed Jury Instructions of RSA Data Security, Inc., in connection with the hearing on claim construction scheduled for October 1, 1996:[1]

1. Hellman-Merkle proposed Instruction Nos. 1.00, 1.11, 1.21, 1.31, 1.41, 1.51, 2.2, 2.11, 2.12, 3.2, 3.21, 3.22, 3.23, 4.20, 4.21, 4.22, 4.23, 4.24, 5.10, 5.11, 5.12, 5.13, 5.14 and all other instructions incorporating such instructions by reference are objectionable because they incorrectly refer to the method claims of the Hellman-Merkle patent as "step for" claims subject to 35 U.S.C. § 112, ¶ 6. As shown in the Markman Hearing Brief of Stanford University, Cylink and Caro-Kann, the reference claims are method claims not subject to 35 U.S.C. § 112, ¶ 6.

2. Hellman-Merkle proposed Instruction Nos. 1.00, 2.10, 2.2, 3.10, 3.2, 4.20, 5.10 and 6.0 and all other instructions incorporating such instructions by reference are objectionable because they inappropriately narrow the definition of the accused products to only certain of RSA Data Security, Inc.'s products. Such a narrow limitation is inappropriate at this time as explained fully in the accompanying memorandum regarding jury instructions.

---

[1] The accompanying Memorandum of Stanford University, Cylink, and Caro-Kann Regarding the Parties' Proposed Jury Instructions sets forth the legal and factual bases for these objections in detail.

1    3.   Hellman-Merkle proposed Instruction Nos. 1.00, 1.11,
2    2.2, 2.11, 3.2, 3.21, 4.20, 4.21, 5.10, 5.11, 6.0, 6.21 are
3    objectionable as incorrectly confusing the elements of the
4    patent disclosure that are incorporated if 35 U.S.C. § 112, ¶ 6
5    applies to the claims.  RSA Data Security requests the jury to
6    compare both "structures and acts" in the disclosure with the
7    accused products, which is inappropriate under 35 U.S.C. § 112,
8    ¶ 6 (stating "structure, material, or acts") and the case law
9    interpreting that provision as explained more fully in the
10   accompanying Memorandum Regarding Jury Instructions

11   4.   Hellman-Merkle proposed Instruction Nos. 1.00, 2.2,
12   3.2, 4.20, 5.10 and 6.0 and all other instructions
13   incorporating such instructions by reference are objectionable
14   for improperly requiring that the infringing products follow
15   the method acts in the sequential order in which the acts are
16   recited in the claim rather than the operative order, if any,
17   required by the meaning of the language of the claims as
18   explained more fully in the accompanying Memorandum Regarding
19   Jury Instructions.

20   5.   Hellman-Merkle proposed Instruction Nos. 1.00, 1.11,
21   1.21, 1.31, 1.41, 1.51, 2.2, 2.11, 2.12, 3.2, 3.21, 3.22, 3.23,
22   4.20, 4.21, 4.22, 4.23, 4.24, 5.10, 5.11, 5.12, 5.13, 5.14,
23   6.10, 6.20, 6.21, 6.22, 6.30 and 6.40 and all other
24   instructions incorporating such instructions by reference are
25   objectionable for improperly characterizing, paraphrasing or
26   referencing the parts of the disclosure of the Hellman-Merkle
27   patent specification alleged to correspond to the "means" or
28

1 "step" elements of the asserted claims as explained more fully
2 in the accompanying Memorandum Regarding Jury Instructions

3     6.   Hellman-Merkle proposed Instruction Nos. 1.41 and
4 6.20 and all other instructions incorporating such instructions
5 by reference are objectionable as improper attempts to rewrite
6 the claim language of the Hellman-Merkle patent claims as
7 explained more fully in the accompanying Memorandum Regarding
8 Jury Instructions.

9     7.   Hellman-Merkle proposed Instruction Nos. 2.0 and 3.23
10 and all other instructions incorporating such instructions by
11 reference are objectionable as containing argument unrelated to
12 the issues of claim construction as explained more fully in the
13 accompanying Memorandum Regarding Jury Instructions

14     8.   Hellman-Merkle proposed Instruction Nos. 1.12, 1.22,
15 1.32, 1.33, 1.34, 1.42, 1.43, 1.44, 1.52, 2.0, 2.12, 3.22,
16 3.30, 4.3, 5.20, 5.30, 6.12, 6.24, 6.25, 6.26, 6.27, 6.31 and
17 6.41 and all other instructions incorporating such instructions
18 by reference are objectionable as containing definitions of
19 claim terms that contradict the patent claim language itself,
20 the patent specification, the prosecution history, the commonly
21 understood definitions of those of ordinary skill in the art,
22 and the expert testimony of RSADSI's own experts and
23 Mr. Schlafly as explained more fully in the accompanying
24 Memorandum Regarding Jury Instructions

25     9.   Diffie-Hellman proposed instruction No. 1.00 is
26 objectionable as exceeding the scope of an instruction on claim
27 construction and improperly recounting the evidence and
28 reasoning used by the Court in arriving at that construction as

1 explained more fully in the accompanying Memorandum Regarding
2 Jury Instructions.

3    10.  Diffie-Hellman proposed Instruction Nos. 1.00 and
4 2.00 are objectionable insofar as both are based on improper
5 and incorrect legal arguments as explained more fully in the
6 accompanying Memorandum Regarding Jury Instructions.

7    11.  Diffie-Hellman proposed Instruction Nos. 1.00, 2.00,
8 3.00, 3.01, 3.20. and 3.30 are objectionable insofar as each
9 seeks improperly to limit the plain language of the claims, as
10 explained more fully in the accompanying Memorandum Regarding
11 Jury Instructions.

12    12.  Diffie-Hellman proposed Instruction No. 3.01 is
13 objectionable as instructing the jury to read the functions
14 disclosed in the specification into the claims, as explained
15 more fully in the accompanying Memorandum Regarding Jury
16 Instructions.

17    13.  All of the instructions of RSA Data Security, Inc.
18 are objectionable to the extent that each contains the defects
19 noted above and/or is contrary to the law of the facts of the
20 case.

21    Dated: September 24, 1996

                                    MORRISON & FOERSTER LLP
                                    ALSTON & BIRD

                                    By: _____
                                          Karl J. Kramer

                                    Attorneys for Defendants and
                                    Counter-Claimants CYLINK
                                    CORPORATION, CARO-KANN
                                    CORPORATION AND THE BOARD OF
                                    TRUSTEES OF THE LELAND STANFORD
                                    JUNIOR UNIVERSITY