1  ROBERT T. HASLAM (Bar No. 071134)
   ROBERT D. FRAM (Bar No. 126750)
2  GORDON W. RENNEISEN (Bar No. 129794)
   HELLER EHRMAN WHITE & McAULIFFE
3  525 University Avenue, Suite 1100
   Palo Alto, California 94301-1900
4  Telephone: (415) 324-7000

5  JAMES R. BUSSELLE (Bar No. 75980)
   TOMLINSON ZISKO MOROSOLI & MASER
6  200 Page Mill Road, Second Floor
   Palo Alto, California 94306
   Telephone: (415) 325-8666

7  Attorneys for Plaintiff, Counterclaim-
   Defendant, and Counterclaimant
8  RSA Data Security, Inc.

                    FILED
                    SEP 24   4 01 PM '96
                    RICHARD W. WIEKING
                    CLERK
                    U.S. DISTRICT COURT
                    NO. DIST. OF CA, S.J.

                    C-94-20512-SW

9              UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  RSA DATA SECURITY, INC., a      )  Case No. C96-20094-SW (PVT)
    Delaware corporation,           )
12                                  )  PLAINTIFF'S MEMORANDUM OF
              Plaintiff,            )  POINTS AND AUTHORITIES IN
13                                  )  OPPOSITION TO DEFENDANTS'
         v.                         )  MOTION IN LIMINE TO EXCLUDE
14                                  )  TESTIMONY OF TECHNICAL EXPERTS
    CYLINK CORPORATION, a           )
15  California corporation, CARO-   )  The Hon. Spencer Williams
    KANN CORPORATION, a California  )
16  corporation, and THE BOARD OF   )
    TRUSTEES OF THE LELAND          )
17  STANFORD JUNIOR UNIVERSITY, a   )
    California corporation,         )
18                                  )
              Defendants.           )
19                                  )
    AND RELATED COUNTERCLAIMS.      )
20  _____)

PLAINTIFF'S OPPOSITION MOTION TO
EXCLUDE TESTIMONY OF TECHNICAL
EXPERTS; C96-20094-SW


## I. INTRODUCTION

There is no basis for Defendants' motion to preclude technical experts from testifying at the Markman hearing.[1/] The motion is merritless and premature and should be denied.

As the Court anticipated when it set a discovery track for Markman expert depositions, plaintiff RSA Data Security, Inc. ("RSA") has designated technical experts to testify at the claim construction hearing. Defendants chose not to designate any experts, however, and now seek to exclude or limit the testimony of RSA's experts.

Defendants' entire motion rests on the erroneous assumption that expert testimony is suspect evidence to be admitted and considered only in rare circumstances. The law is contrary to Defendants' assumption. Markman itself, as well as numerous subsequent decisions by the Federal Circuit, confirm that a district court considering the meaning of disputed patent terms may admit and rely on expert testimony.

To the extent that Defendants' motion seeks to have the Court draw a distinction between expert testimony concerning the meaning of patent terms and expert testimony concerning ultimate legal issues of claim construction, the motion is premature. It is pointless for Defendants to attempt to excise certain opinions from the anticipated testimony of RSA's experts before those experts even take the stand at the Markham hearing. The Court,

---

[1/] Defendants Cylink Corporation, Caro-Kann Corporation and Stanford University (collectively "Defendants" or "Cylink") filed the Expedited Motion in Limine to Exclude Technical Expert Testimony ("Defendants' Expert Motion").

not Defendants, must determine which expert testimony is helpful and which expert testimony is not. At the Markman hearing the Court will have an opportunity to evaluate the testimony of RSA's experts and Defendants will have an opportunity to object to any particular questions which they deem to call for impermissible legal opinion.

## II. ARGUMENT

### A. The Testimony Of Technical Experts Is Admissible.

It is well settled that extrinsic evidence, including expert testimony, is admissible "'to aid the court in coming to a correct conclusion' as to the 'true meaning of the language employed' in [a] patent." Markman v. Westview Instruments, Inc., 52 F.3d 967, 980 (Fed. Cir. 1995), aff'd 517 U.S. ___, 134 L.Ed.2d 577, 116 S.Ct. 562 (1996) (quoting Seymour v. Osborne, 78 U.S. (11 Wall) 516, 546 (1871)). Indeed, Defendants concede that "testimony from technical experts concerning the factual matter of how terms are used in the art" is admissible. Defendants' Expert Motion at 3:20-23. Despite this concession, Defendants attempt to argue that expert testimony is disfavored evidence which courts should be reluctant to admit or consider. Id. at 3:26 - 4:13. (citing Vitronics Corporation v. Conceptronic, Inc., 90 F.3d 1576 (Fed. Cir. 1996)). Defendants' argument must fail.

First, Vitronics is only a panel decision, it cannot overrule the numerous other recent decisions of the Federal Circuit concerning extrinsic evidence. In the wake of Markman the Federal Circuit repeatedly has confirmed that expert

testimony is important evidence which properly may be admitted and considered by courts construing patent claims. See e.g. National Presto Industries, Inc. v. West Bend Company, 76 F.3d 1185, 1190 (Fed. Cir. 1996) (district court properly admitted expert testimony regarding the meaning of various disputed claim terms used in a patent for a vegetable cutter); Pall Corporation v. Micron Separations, 66 F.3d 1211 (Fed. Cir. 1995) (testimony of technical expert properly admitted). Indeed, the Federal Circuit itself has been "greatly aided in understanding. . .terms in the context in which they are used by consideration of the testimony of. . .expert witnesses." National Presto, 76 F.3d at 1190. See also Hoechst Celanese Corporation v. BP Chemical Limited, 78 F.3d 1575, 1579 (Fed.Cir. 1996)(Federal Circuit relies on "the testimony of experts in the field" regarding "the scientific meanings of stable and dimension as applied to macroreticulated cation-exchange resins in organic medium.")

Second, Vitronics itself does not sweep as broadly as Defendants contend. Contrary to Defendants' assertions, Vitronics does not direct courts to exclude expert testimony. Rather, the case expressly notes that a trial court is entitled to hear all extrinsic evidence, including expert testimony, before construing the claims at issue. Id. at 1584 - 85 (holding that the trial court did not err in admitting expert testimony, but erred in using extrinsic evidence to contradict the manifest meaning of the claims).[2]

---

[2] Defendants are also wrong in suggesting that Vitronics stand for the proposition that "inventor testimony" carries more
(continued...)

1   In light of the Federal Circuit's numerous post-<u>Markman</u>
2  decisions holding that the testimony of technical experts is
3  admissible in construing the terms of a patent, Defendants cannot
4  credibly argue that such testimony should be presented in a
5  tutorial format and treated as "factual background" rather than
6  as "admissible objective evidence."  Defendants' Expert Motion at
7  4:26-5:2.  Expert testimony is admissible evidence and should be
8  part of the record.
9   As the court noted in <u>Markman</u>:  "When, after
10 considering the extrinsic evidence, the court finally arrives at
11 an understanding of the language as used in the patent and
12 prosecution history, the court must then pronounce as a matter of
13 law the meaning of that language."  <u>Markman</u>, 52 F.3d at 981.  In
14 setting down its findings regarding the meaning of patent
15 language, this Court will need to be able to cite to the evidence
16 supporting its conclusions.  See <u>National Presto</u>, 76 F.3d at 1190
17 (district court properly relied on expert witness testimony
18 admitted as evidence in determining meaning of patent terms).
19 Limiting expert testimony to the tutorial would leave the record
20 incomplete and would essentially preclude this Court from
21 referring to any expert testimony in support of its rulings.

---

<u>2</u>/(...continued)
"evidentiary weight" than expert testimony.  Defendants'
Expert Motion at 4:8-12.  <u>Vitronics</u> actually holds that "the
inventor's subjective intent as to claims scope, when
unexpressed in the patent documents" cannot have any effect.
<u>Vitronics</u>, 90 F.3d at 1584.  In order for an inventor's
testimony to carry any weight, the inventor must be
testifying as "an expert in the field."  <u>Hoechst Celanese
Corporation v. B.P. Chemicals Limited</u>, 78 F.3d at 1580.

PLAINTIFF'S OPPOSITION MOTION TO
EXCLUDE TESTIMONY OF TECHNICAL
EXPERTS; C96-20094-SW                                         -4-

B. <u>Defendants' Motion Is Unworkable And Premature</u>.

Ultimately, Defendants' motion must fail because the relief requested makes no sense. Notwithstanding their attempt to confine all expert testimony to the tutorial, Defendants acknowledge that RSA will be entitled to present expert testimony in the context of the <u>Markman</u> hearing. Defendants then ask the Court to "scrutinize" this testimony, exclude any testimony going to the ultimate legal issue of the proper construction of the claims, and carefully consider the weight to be given to testimony concerning the interpretation of particular terms. <u>See</u> Defendants' Expert Motion at 5:2-18.

Until RSA's experts take the stand, there is no testimony for the Court to scrutinize or weigh. Similarly, until RSA's witnesses have begun testifying it is inefficient, if not impossible, to attempt to draw a line distinguishing "term interpretation" testimony from "claim construction" testimony.

Debating the proper scope of expert testimony at this time will result in an unnecessary side show. RSA anticipates that its experts will testify for no more than a few hours each at the <u>Markman</u> hearing. At the hearing, Defendants will have an opportunity to object to any questions which they perceive as calling for improper or inadmissible answers. The Court will then be able to evaluate specific objections in context. The Court will also be able to consider all expert testimony and give to each portion of that testimony the weight which the Court deems appropriate.

PLAINTIFF'S OPPOSITION MOTION TO
EXCLUDE TESTIMONY OF TECHNICAL
EXPERTS; C96-20094-SW                                                    -5-

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion to exclude or limit the testimony of RSA's experts at the Markman hearing. Under Markman and its progeny, testimony of technical experts is admissible extrinsic evidence. To the extent that Defendants are concerned that RSA's experts may seek to give opinions on matters not properly within the scope of expert testimony, the Court can most efficiently address such concerns by considering timely objections at the Markman hearing.

Dated: 9/24, 1996        HELLER EHRMAN WHITE & McAULIFFE

By: [signature]

GORDON W. RENNEISEN
Attorneys for Plaintiff,
Counter-Claim Defendant, and
Counterclaimant
RSA DATA SECURITY, INC.