THOMAS R. HOGAN (Bar No. 042048
PHILLIP E. MAROC (Bar No. 188525
LAW OFFICES OF THOMAS R. HOGAN
60 South Market Street, Suite 1125
San Jose, CA  95113-2332
Telephone: (408) 292-7600

Attorneys for Defendant
Public Key Partners


ROBERT T. HASLAM (Bar No. 071134)
ROBERT D. FRAM (Bar No. 126750)
SARAH E. MITCHELL (Bar No. 187053)
HELLER EHRMAN WHITE & McAULIFFE
525 University Avenue
Palo Alto, California  94301-1900
Telephone (415) 324-7000

Attorneys for Defendant
RSA Data Security, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER SCHLAFLY,<br><br>             Plaintiff,<br><br>    v.<br><br>PUBLIC KEY PARTNERS, a partnership, and RSA DATA SECURITY, INC., a California corporation,<br><br>             Defendants. | Case No. CV-94-20512-SW (PVT)<br><br>DECLARATION OF D. JAMES BIDZOS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Date:  August 27, 1997<br>Time:  10:00 a.m.<br>Judge: Hon. Spencer Williams |

I, D. James Bidzos, declare as follows:

1. I am the President of RSA Data Security, Inc. ("RSA"), defendant in the above-captioned action. I have served as RSA's president since 1986. I also served as president of Public Key Partners ("PKP") from the time of its inception in April 1990 until its dissolution in 1995. I make this declaration in support of PKP's Memorandum In Support of Motion For Summary Judgment. If called as a witness, I would and could competently testify to the following facts.

2. In 1990, the market for computer security included passwords, PIN numbers, as well as encryption and other technology. Thus purchasers considering data security options around 1990 looked at password and encryption products as substitutes for each other. In making sales presentations to potential customers, I therefore had to sell against entrenched symmetric key and password systems.

3. Within encryption, in 1990 the dominant technologies were the traditional symmetric key systems. One of the more popular and well-established technologies was the DES system, a symmetric key system that had been developed and tested in the 1970's. The large vendors of such systems included IBM whose engineers had played a key role in developing the DES system. AT&T was another established provider of computer security systems.

4. Although invented in 1976, public key systems were still novel and unproven in the commercial world as of 1990. Acceptance of public key systems was slow, in part due to the fact that some of the early approaches, such as the trapdoor knapsack,

had been broken. Although the RSA algorithm was more promising, it too was slow to obtain commercial acceptance. RSA was founded in 1983 and very nearly went under in late 1985. It finally entered into its first significant license with Lotus in 1986.

5. In 1990, public key systems constituted a tiny portion of the computer security market, perhaps less than 1% of sales. Public key similarly constituted a small portion of the encryption market, constituting perhaps 1% of the encryption products sold.

6. One of the difficulties that emerging public key technology faced in breaking into the market was the fact that this technology was being sponsored by small start-up companies without well-established distribution channels. This problem was compounded by consumer confusion arising from the fact that there were several different and not very well-understood patented public key technologies.

7. PKP was intended to help foster the development of public key technology by providing a convenient and low-cost outlet for the rights to the public key patents and therefore the public key technology. It was hoped that this small measure of efficiency would encourage companies to license and make products incorporating public key technology.

8. The partners in PKP, *i.e.*, RSA and Cylink, were free to and did sell their own competing versions of public key technology. At no time was the licensing of the public key patents tied to the purchase of any hardware and/or software products.

9. During the life of PKP, the market for computer security and encryption products remained competitive. The presence in the

DECLARATION OF D. JAMES BIDZOS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
CASE NO. CV-94-20512-SW (PVT) - 3 -

market of non-public key products and technology was a factor that PKP had to take into account in attempting to license the public key patents.

10. I understand that Mr. Schlafly has alleged that PKP engaged in improper discriminatory pricing of the PKP patents. This charge has no basis. The PKP patents were licensed on a non-discriminatory basis, where like cases were treated alike. In fact, PKP published license terms and prices.

11. At the time RSA entered into PKP in 1990, Cylink represented to me that the Stanford patents covered all forms of public key cryptography and that the Stanford patents were valid. MIT and Stanford had previously entered into a cross-licensing agreement on the basis of this understanding of the Stanford patents, implicitly bolstering Cylink's contentions. While there always has been some uncertainty as to the proper scope and validity of the Stanford Patents, that issue had not been adjudicated at the time that PKP was formed. In light of this uncertainty, and the desire to avoid patent litigation, PKP constituted a good faith solution. As it turned out, the PKP partners were ultimately unable to resolve their disagreements short of litigation. It was only in the course of the litigation over the Stanford patents, which began in late 1995 following the dissolution of PKP, that RSA developed a clear and firm view of the facts and law governing the scope and validity of the Stanford patents. That understanding, however, simply cannot be transported back in time without completely distorting history. In short, whatever the understanding of the parties that developed during the course of litigation over the Stanford patents, at the

time that the PKP was formed I had a good faith basis for believing Cylink's representations regarding their breadth and validity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Redwood City, California, this 23nd day of July, 1997.

_____
D. James Bidzos