1

2      Roger Schlafly, Pro Per
     PO Box 1680

3      Soquel, CA  95073
     telephone: (408) 476-3550

4

5

6

7

8 In the United States District Court
for the Northern District of California

9

10 ROGER SCHLAFLY, Plaintiff      ) Case C-94-20512 SW PVT
   v.                                 )

11 PUBLIC KEY PARTNERS, and        ) Expedited Motion to
                                         )   Continue Discovery

12 RSA DATA SECURITY INC., Defendants. ) Magistrate Trumbull

13

14

15

16

17 Plaintiff Schlafly moves for a postponement of the discovery

18 cutoff so that some essential discovery can be completed.

19 Schlafly also asks that this motion be heard on an expedited

20 basis, because of the scheduled imminent close of discovery.

21

22 Schlafly served a document request paper on Jan. 30.  Defendants

23 objected to all the requests, and did not produce any documents.

24 Schlafly scheduled a "meet and confer", and attempted to reach a

25 compromise on the requests.  No compromise was reached, and no

26 documents were produced.  Schlafly attempted to find a way to

27 narrow the requests, but was unable to find wording that

28 defendants would find satisfactory.

                                                                 page 1

FILED

JUL 29  2 40 PM '9

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

Schlafly sought out a lawyer to represent him in the matter. He eventually found one, and he attempted to resolve the discovery problem, but with no success. He then brought a motion to compel production before Magistrate Infante. The motion was denied because the requests were judged to be too broad. But there has been no denial that most of the documents requested are relevant to the case. Therefore, Schlafly has made new narrower requests, which are attached.

The discovery cutoff is July 31, 1997. Schlafly moves to extend the cutoff to allow time for completion of the document production, review of the documents, and for any consequential depositions.

This case pertains to certain cryptography patents, the licensing of related technology, and alleged monopolistic collusion to control the cryptography market. The documents requested relate to those patents, the licensing, and agreements among the defendants to control the technology. The documents are essential to the case, and Plaintiff will be substantially prejudiced if access to these documents is denied.

Dated:    July 28, 1997

By: _____

Plaintiff, Roger Schlafly

1

2
Roger Schlafly, Pro Se
3
PO Box 1680
Soquel, CA  95073
4
telephone: (408) 476-3550

5

6

7

8
In the United States District Court
9
for the Northern District of California

10
ROGER SCHLAFLY, Plaintiff          ) Case C-94-20512 SW PVT
11                                   )
   v.                               ) Schlafly Declaration #5
12                                   )
PUBLIC KEY PARTNERS, and            )
13                                   )
RSA DATA SECURITY INC., Defendants. ) July 28, 1997
14

15

16

17

18
Declaration on patent issues
19
I, Roger Schlafly, declare:
20
1. I am the Plaintiff in this case.
21
2. I have personal knowledge of each and every fact set forth below
22
and can competently testify thereto.
23
3. I served a document request paper on Jan. 30.
24
4. Defendants objected to all the requests, and did not produce any
25
documents.
26
5. I scheduled a "meet and confer", and attempted to reach a
27
compromise on the requests.  No compromise was reached, and no
28
documents were produced.

6. I attempted to find a way to narrow the requests, but was unable to find wording that defendants would find satisfactory.

7. I sought out a lawyer to represent him in the matter.  I eventually found one, and I attempted to resolve the discovery problem, but with no success.

8. My lawyer then brought a motion to compel production before Mag. Infante.  The motion was denied because the requests were judged too broad.

9. I believe that defendants have discoverable documents that are highly pertinent to issues in this case.

10. I have at all times attempted to resolve this discovery dispute in an orderly and efficient manner.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 28, 1997 in Soquel, California.

By: _____

Roger Schlafly

SCHLAFLY DECLARATION 5

1

2

3   Roger Schlafly, Pro Per
    PO Box 1680
4   Soquel, CA  95073
    telephone: (408) 476-3550

5

6

7

8   In the United States District Court
9   for the Northern District of California

10  ROGER SCHLAFLY, Plaintiff           ) Case C-94-20512 SW PVT
                                        )
11     v.                               ) Request for Documents #4
                                        )
12  PUBLIC KEY PARTNERS, and            )
                                        )
13  RSA DATA SECURITY INC., Defendants. ) July 28, 1997

14

15  Request for document production, as per Rule 34.

16  Definitions:

17  PARTIES - Public Key Partners ("PKP"), RSA Data Security Inc

18  ("RSADSI"), Cylink, and/or Caro-Kann.

19  PATENTS - Diffie-Hellman 4,200,770; Hellman-Merkle 4,218,582; MIT

20  4,405,829; and/or Schnorr 4,995,082.

21  ACTIONS - All litigation or arbitration actions among any of the

22  PARTIES, where the action concerned validity, scope, or licensing

23  of any of the PATENTS, or raised PKP partnership issues.

24  DOCUMENTS - All documents and things, and having the broadest

25  meaning defined by Rule 26 and 34, and including writings and

26  recordings as defined by FREvid Rule 1001.

27
    Conjunctions and disjunctions are to be interpreted in a way as to
28
    include the maximum number of documents.

REQUEST DOC 4                                              page 1

Plaintiff Roger Schlafly requests:

1. All DOCUMENTS discussing, referring to, or related to the validity of the MIT patent, No. 4,405,829.

2. All DOCUMENTS discussing, referring to, or related to the scope of the MIT patent, No. 4,405,829.

3. All DOCUMENTS discussing, referring to, or related to the licensing of the MIT patent, No. 4,405,829.

4. All DOCUMENTS in the PKP arbitration, including briefs, letters, or discovery, discussing, referring to, or related to the PATENTS.

5. All DOCUMENTS in which RSADSI or PKP discussed, referred to, or argued its position with respect to the validity of the Stanford patents.

6. All DOCUMENTS in which RSADSI or PKP discussed, referred to, or argued its position with respect to the scope of the Stanford patents.

7. All DOCUMENTS showing, discussing, or referring to RSADSI's revenues from licensing any or all of the PATENTS.

8. All DOCUMENTS showing, discussing, or referring to PKP's revenues from licensing any or all the PATENTS.

9. All DOCUMENTS showing, discussing, or referring to RSADSI's revenues from licensing any or all software or technology covered by the PATENTS.

10. All DOCUMENTS showing, discussing, or referring to RSADSI's revenues from licensing any other cryptographic software.

11. All DOCUMENTS discussing, referring to, or related to all agreements (whether proposed or draft agreements negotiating positions and the like), between RSADSI and Cylink or Caro-Kann regarding licensing of the PATENTS or software covered by the PATENTS.

12.  The PKP partnership agreement(s), including all amendments, modifications, or changes thereto.

12.  All correspondence, memorandum, or other DOCUMENTS discussing, referring to, or relating to the formation or purpose or intended business of the PKP partnership, including, marketing plans, projections, or licensing of any PATENTS.

13. All DOCUMENTS discussing, referring to, or relating to the obligations of the partners of PKP to each other, and whether they were meeting those obligations.

14. All DOCUMENTS discussing, referring to, or related to any financial reports, memorandum, or analysis of the cryptography market.

REQUEST DOC 4                                                    page 3

15. All DOCUMENTS discussing, referring to, or relating to how the Stanford, MIT, and Schnorr PATENTS affect the cryptography market.

16. All DOCUMENTS discussing, referring to, or related to the scope of the Schnorr patent.

17. All briefs, rulings, transcripts, and recordings in the ACTIONS which contain any discussion of the validity, scope, or enforcement of the PATENTS.

Dated:     July 28, 1997

By:     _____

Plaintiff, Roger Schlafly

CERTIFICATE OF SERVICE
=========================

Schlafly v. Public Key Partners and RSA Data Security Inc.
Case No. C-94-20512-SW, (PVT).
Filed on July 27, 1994, San Jose, Calif.

The undersigned hereby certifies that he caused a copy of:

        Expedited Motion to Continue Discovery
        Schlafly Declaration #5
        Request for Documents #4

to be served this date by First Class Mail upon the

persons at the place and address stated below which is

the last known address:

        Thomas R. Hogan
        60 S Market St Ste 1125
        San Jose, CA 95113

        Robert D. Fram
        Heller et al
        525 University Ave
        Palo Alto, CA 94301

and to be emailed to the following:

        Patrick Flinn, internet!pflinn@alston.com
        Karl J. Kramer, internet!kkramer@mofo.com
        Robert Haslam, internet!rhaslam@hewm.com

I declare under penalty of perjury under the laws of the State

of California that the foregoing is true and correct.

Executed in Soquel, Calif. at the date below.


Dated:   July 28, 1997

By: _____

Plaintiff, Roger Schlafly