ROBERT T. HASLAM (Bar No. 071134)
ROBERT D. FRAM (Bar No. 126750)
SARAH E. MITCHELL (Bar No. 187053)
HELLER EHRMAN WHITE & McAULIFFE
525 University Avenue, Suite 1100
Palo Alto, California 94301-1900
Telephone: (415) 324-7000

Attorneys for Defendant
RSA Data Security, Inc.



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER SCHLAFLY, | Case No. CV94-20512-SW (PVT) |
| Plaintiff, | DEFENDANT RSA DATA SECURITY'S OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO CONTINUE DISCOVERY |
| v. | |
| PUBLIC KEY PARTNERS, a partnership, and RSA DATA SECURITY INC., a California corporation, | |
| Defendants. | |

On April 17, 1997, at the Case Management Conference in this case, the parties agreed to a discovery and pretrial schedule. Pursuant to that schedule, discovery closed on July 31, 1997. Since that time, plaintiff has conducted no discovery: propounded no interrogatories, served no document requests, and noticed no depositions. As he acknowledges in his motion, however, plaintiff did, at the time, have one incredibly overbroad and burdensome set of document requests outstanding. Those document requests were the subject of a motion to compel, heard before Magistrate Judge Infante on July 21, 1997. At that hearing, at which plaintiff was represented by counsel, the Court denied the motion in total, finding the requests to be vastly overbroad.

Although plaintiff's expedited motion advises the Court of the ruling on the motion to compel, he neglects to advise the Court that his motion included a request to extend the discovery cut-off date. That request, like the motion to compel documents, was denied on July 21, 1997. Nothing has changed in the seven days since Magistrate Judge Infante denied plaintiff's previous motion. And plaintiff fails to show better cause today for why the discovery period in this case should be extended. The absence of any such showing is itself sufficient ground to deny plaintiff's motion.

Beyond this procedural flaw, however, even a cursory review of the request for documents that plaintiff proposes to file if the discovery period is extended demonstrates that it is as overbroad as the one which was the subject of the July 21, 1997 ruling. The previous requests sought all documents, pleadings and depositions

in several actions relating to the MIT and Stanford patents. The cumulative effect of the 17 requests in the proposed Request For Documents #4 is virtually identical in scope. For example, Request No. 4 seeks all documents in the PKP arbitration related to any of the patents, and Request No. 17 seeks "all briefs, rulings, transcripts, and recordings" in any of the actions which contain any discussion of any of the patents. The other requests, while not framed in terms of seeking every piece of paper previously produced in connection with the other litigation and arbitration, effectively sweep as broadly. Accordingly, nothing will be served by extending the discovery cut-off to permit plaintiff to serve yet another hopelessly overbroad set of document requests.

We are now at the end, or at the very least, near the end of this case. The Court now has under submission dispositive motions relating to the Schnorr patent and the validity of the MIT patent. On July 23, 1997, on the last day specified for the filing of dispositive motions, PKP and RSA filed motions for summary adjudication on all of plaintiff's remaining claims. As a review of those papers will reveal, none of plaintiff's claims have any factual or legal merit. While RSA recognizes that this motion is not the time to argue the merits of those claims, it is worth noting that plaintiff has had three years within which to conduct

any necessary discovery. Accordingly, plaintiff's motion should be denied.[1]

 

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE

Dated: July 31, 1997   By: _/s/ Robert T. Haslam_
                                          ROBERT T. HASLAM
                                          Attorneys for
                                          RSA DATA SECURITY, INC.

---

[1] Mr. Schlafly, notwithstanding the fact that he now appears to be acting pro per once again, clearly knows the rules by which litigation is governed. He has not only been a party to several actions here in the Northern District, he has demonstrated an ability to obtain, when he believes necessary, legal representation as he did in connection with the motion to compel. Accordingly, Mr. Schlafly's current status as "pro per" entitles him to no extra indulgence with respect to the rules.