Roger Schlafly, Pro Per
PO Box 1680
Soquel, CA  95073
telephone: (408) 476-3550

FILED
AUG 05 1997
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

In the United States District Court
for the Northern District of California

ROGER SCHLAFLY, Plaintiff ) Case C-94-20512 SW PVT
    v. ) Opposition to RSADSI Motion
PUBLIC KEY PARTNERS, and )  on MIT Patent Infringement
 ) Hon. Spencer Williams
RSA DATA SECURITY INC., Defendants. ) 10 am, Aug. 27, 1997

Schlafly opposes RSADSI's motion regarding MIT patent infringement, and rebuts RSADSI arguments A, B, C, below.

A. RSADSI argues that the MIT inventors never surrendered the use of the RSA algorithm. This argument is plainly contrary to the record. In RSADSI's Exh. B, towards the beginning of the "REMARKS", MIT says, "However, there are no mathematical algorithms in the applicants' claims." This sentence is underlined for emphasis. There are no typos, and the context clearly indicates that MIT meant what it said.

OPPOS RSADSI MOT SUM JUDG                                           page 1

RSADSI tries to spin this as saying that "no mathematical algorithms in the applicants' claims" really meant "the claims do not wholly preempt abstract mathematical claims". This interpretation is contrary to plain English. One quote says the claims do not contain a mathematical algorithm, and the other says the claims do not consist solely of mathematical algorithms. This distinction has a huge legal significance as well. The question of statutory subject matter for an invention such as this is usually analyzed with the Freeman-Walter-Abele test, which was the emerging standard at the time of the MIT application. "It is first determined whether a mathematical algorithm is recited directly or indirectly in the claim. If so, it is next determined whether the claimed invention as a whole is no more than the algorithm itself; that is, whether the claim is directed to a mathematical algorithm that is not applied to or limited by physical elements or process steps." Arrhythmia, 958 F.2d at 1058, 22 USPQ2d at 1037. So MIT's argument was that the claims are statutory by passing step 1 of the test, not step 2 as RSADSI now suggests.

B. RSADSI's argument that the examiner did not rely on the MIT statement that "there are no mathematical algorithms in the applicants' claims" is also without merit. The examiner gave MIT a 35 USC 101 rejection for nonstatutory subject matter. MIT explicitly cited the two-step test enunciated in In re Freeman, 573 F.2d 1237, 197 USPQ 464 (CCPA 1978), and disclaimed any coverage of mathematical algorithms in order to pass step 1, and avoid the step 2 analysis, just as Freeman did. The examiner

accepted the argument, and withdrew his rejection on that basis.

One could theorize today that the examiner understood MIT's argument, and decided on his own and without telling anyone that the subject matter is statutory based on a step 2 analysis. Such a theory would have no legal consequences if true, because MIT is committed to what it said on the record. But the theory is very unlikely to be true anyway. MIT's argument in support of its step 1 analysis is mathematical gobbledygook, and if the examiner had understood it then he would have also understood that it is mathematically fallacious. It is much more likely that the examiner accepted MIT's disclaimer of coverage of mathematical algorithms on its face value, and allowed the claim on that basis.

C. RSADSI argues disingenuously that Schlafly is not entitled to an advisory opinion on the scope of the MIT patent because he has no potentially infringing activity. At the July 25, 1997 Schlafly deposition, RSADSI's lawyer Rob Fram had information on Schlafly's "CSP" product and asked him about it. That product offers a well-defined RSA capability for those customers licensed to use it. RSADSI suggests [RSADSI Motion, p. 8, footnote 6] that Schlafly is barred from making such a product. This is a justiciable controversy.

Conclusion

The history of the MIT patent shows that the patent examiner rightly gave it a 35 USC 101 rejection for being nonstatutory

subject matter.  MIT managed to bluff the examiner by renouncing any claim on mathematical algorithms and with a clever but utterly bogus argument about mathematical formulas.  MIT got the patent but has to live with the estoppel it created.  It cannot take back what it gave up during patent prosecution before the Patent Office.

Dated:    August 4, 1997

By: _____

Plaintiff, Roger Schlafly

CERTIFICATE OF SERVICE
=======================

Schlafly v. Public Key Partners and RSA Data Security Inc.
Case No. C-94-20512-SW, (PVT).
Filed on July 27, 1994, San Jose, Calif.

The undersigned hereby certifies that he caused a copy of:

>Opposition to RSADSI Motion on MIT Patent Infringement
>Opposition to PKP Motion on MIT Patent Infringement
>Exhibits GA-GJ

to be served this date by First Class Mail upon the persons at the place and address stated below which is the last known address:

>Thomas R. Hogan
>60 S Market St Ste 1125
>San Jose, CA 95113
>
>Robert D. Fram
>Heller et al
>525 University Ave
>Palo Alto, CA 94301

and to be emailed to the following:

>Patrick Flinn, internet!pflinn@alston.com
>Karl J. Kramer, internet!kkramer@mofo.com
>Robert Haslam, internet!rhaslam@hewm.com
>Thomas R. Hogan, internet!trh@hoganlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Soquel, Calif. at the date below.


Dated:    August 4, 1997

By: _____/s/_____

Plaintiff, Roger Schlafly