1   Thomas R. Hogan, Esq., California State Bar No. 042048
    Phillip E. Maroc, Esq., California State Bar No. 188525
2   LAW OFFICES OF THOMAS R. HOGAN
    60 South Market Street, Suite 1125
3   San Jose, CA  95113-2332
    Telephone:  (408) 292-7600

4
    Attorneys for Defendant
5   PUBLIC KEY PARTNERS





6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ROGER SCHLAFLY,                    )    No. CV 94 20512 SW (PVT)
                                       )
12          Plaintiff,                 )    REPLY OF DEFENDANT PUBLIC KEY
                                       )    PARTNERS TO PLAINTIFF'S
13  v.                                 )    OPPOSITION TO MOTION FOR
                                       )    SUMMARY JUDGMENT
14  PUBLIC KEY PARTNERS and            )
    RSA DATA SECURITY, INC.,           )    Date:  August 27, 1997
15                                     )    Time:  10:00 a.m.
            Defendants.                )    Dept:  4
16  _____   )    Honorable Judge Spencer Williams

17

18

19

20                   PRELIMINARY STATEMENT

21          Over three years after commencing this litigation, plaintiff's opposition reveals that whatever

22  his theories may be they are wholly lacking in evidentiary support.  Facing the challenge of coming

23  forward with persuasive evidence that genuine factual issues exist, plaintiff resorts to familiar

24  rhetoric without factual foundation.  When pressed for credible evidence in his recent deposition,

25  plaintiff was utterly unable to support allegations fundamental to his antitrust and unfair business

26  practices claims.  As demonstrated below, plaintiff's opposition utterly fails to make a sufficient

27  PKP'S REPLY TO PLAINTIFF'S OPPO.
    TO MOTION FOR SUMMARY JUDGMENT
28  CV 94 20512 SW PVT

1  showing on essential elements of plaintiff's case with respect to which plaintiff has the burden.  In

2  these circumstances, entry of summary judgment is appropriate, if not required.

3  **ARGUMENT**

4  THERE IS NO EVIDENCE TO SUPPORT PLAINTIFF'S CLAIMS
   UNDER THE UNFAIR BUSINESS ACT BY THESE
5  DEFENDANTS

6

7  It is undisputed and this Court has recognized[1] that PKP was formed in 1990 for the purpose

8  of licensing various cryptography patents.  Despite plaintiff's unsupported assertions, it is also

9  undisputed that the licensing policies and practices were nondiscrimatory; that is that PKP patents

10  were licensed on a nondiscrimatory basis.

11  Plaintiff's opposition consists of allegations that RSA's licensing policy will not allow a

12  licensee to obtain a product which competes directly with RSA's product, and that some licensees

13  may have license terms or provisions different than other licensees.  As to the first, Exhibit GG to

14  plaintiff's amended complaint (cited at p. 12, lines 11-18 of plaintiff's opposition) clearly sets forth

15  RSA's entirely reasonable and permissible policy.  As its "basic business is creating toolkit

16  products" it would make no sense whatsoever to license one who proposes to be a direct competitor.

17  As to discriminatory licensing terms, plaintiff simply has no credible evidence.

18  Plaintiff's assertions concerning a discriminatory licensing policy include statements such as,

19  "It appears that there are indeed wide disparities, . . . [royalty rates for patent licensees]" and that

20  certain manufacturers are, ". . . both manufacturing and selling licensed products and giving them

21  away free apparently without paying any royalty or minimum per unit," and that a particular PKP

22  licensee has a, " . . . royalty rate . . . apparently somewhere in between . . . [that paid by other

23

24  [1]Order Denying in Part and Granting in Part PKP's and RSA's Motions for Partial Summary

25  Judgment on Interference with Contractual Relationship, Unfair Business Practices and Antitrust Claims,

26  filed herein on February 27, 1996.

27  PKP'S REPLY TO PLAINTIFF'S OPPO.
   TO MOTION FOR SUMMARY JUDGMENT
28  CV 94 20512 SW PVT                                    2

1  licensees]."  As to each of these licensees plaintiff has conceded we has no knowledge as to the

2  terms of their license agreements.  Depo. p. 79.[2]

3          Indeed, what is entirely clear from his Opposition and his deposition testimony is that

4  Plaintiff simply relies upon rumor, Internet postings and random media offerings to buttress his

5  conclusions.  Depo. pp. 43-49.  In these proceedings and with the burden Plaintiff must carry, this is

6  simply insufficient.

7

8  Dated:  August 13, 1997                              Respectfully submitted,

9

10

11                                                      THOMAS R. HOGAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25          [2]  Citations to the deposition of plaintiff are simply stated "Depo."; the transcript is attached to

26  the Declaration of Thomas R. Hogan submitted herewith.

27  PKP'S REPLY TO PLAINTIFF'S OPPO.
    TO MOTION FOR SUMMARY JUDGMENT
28  CV 94 20512 SW PVT                                  3